DUNKLIN COUNTY, Plaintiff in Error, *v.* HENRY E. CLARK *et al.*,
Defendants in Error.

1. *Demurrer — Answer waives, when — Withdrawal of answer by subsequent
   demurrer.* — If a demurrer be filed and not disposed of, and an answer is
   afterwards filed and the case tried on the answer, the demurrer is thereby
   waived. And where an answer is filed and afterwards the case goes off on
   demurrer without noticing the answer, the proceedings on the demurrer
   amount to a withdrawal of the answer.
2. *Practice, civil — Cloud on title — Conveyance of land by defendant — De-
   murrer.* — To constitute a cloud upon the title to lands, some color of title
   must be shown in defendant. And a petition praying that a cloud be re-
   moved from the title to certain lands, which states merely that defendant had
   conveyed away the lands, but contains no averment that defendant had any
   title in them to convey, is bad on demurrer.

*Error to Cape Girardeau Circuit Court.*

*S. M. Chapman,* for plaintiff in error.

*Louis Houck,* for defendants in error.

ADAMS, Judge, delivered the opinion of the court.

This action was commenced in the Dunklin Circuit Court, and
taken by change of venue to the Cape Girardeau Circuit Court on
the application of the defendant Clark. The plaintiff for the first
time objects in this court that the application ought to have been
made by all the defendants.

If the other defendants are satisfied, it does not lie with the
plaintiff to make this objection. Whether the other defendants
are satisfied or not, or could raise such an objection at all, need
not be inquired into now.

Another point made here is that the notice of this application
was not properly served. But this point was not presented to the
Circuit Court, and cannot be considered here.

The next point is that the court exercised its discretion un-
soundly in sending the case to Cape Girardeau, and the ground
taken is that it was inconvenient for the plaintiff's attorney to
attend that court. Courts are not bound to consult the conven-

ience of attorneys in making changes of venue. The court must send the case to some county where the causes complained of do not exist as convenient as may be to the opposite party. We do not see that the court exercised its discretion unsoundly in sending this case to Cape Girardeau.

There seems to be some confusion in this record, which, however, does not vitiate the final action of the court. The plaintiff amended his petition several times, and the defendant Clark filed an answer which was struck out, and then this order striking out was rescinded and the answer was left standing to the petition.

The defendant also demurred to each petition, and the demurrers were sustained and leave given to amend till a third amended petition was filed, which was also demurred to and final judgment given on this demurrer in favor of the defendants.

If a demurrer be filed and not disposed of, and an answer is afterwards filed and the case is tried on the answer, that amounts to a waiver of the demurrer. And in like manner, where an answer is filed and afterwards the case goes off on demurrer without noticing the answer, the proceedings on the demurrer amount to a withdrawal of the answer.

The only material point in this record is whether the demurrer to the last amended petition was properly sustained.

There are two separate counts in the petition; the first count alleges that Dunklin county is the owner in fee of several thousand acres of land, describing the land. The petition then charges that the defendant Clark, confederating with the other defendants in order to cheat and defraud the plaintiff out of said lands, procured one Absalom Farris to execute to the defendant Clark a deed of conveyance of these lands as president of the Dunklin and Pemiscot Plank Road Company, by which a cloud was cast over the plaintiff's title to these lands so as to render them less valuable and less salable, etc. There is nothing in the petition to show that the Dunklin and Pemiscot Plank Road Company had any color of title whatever to these lands, nor are they made parties to this suit. The prayer of the first count is that this cloud be removed and the title adjudged to plaintiff, etc.

The second count alleges that the plaintiff is owner in fee of a great many other tracts of land, describing them by their numbers as known on the United States surveys. The second count then charges that the defendant Clark procured blank certificates of purchase and filled them up without any authority; that those certificates are not genuine, but forgeries; that defendant Clark made conveyances of some of these lands to the other defendants, and asks that all conveyances, mortgages and deeds of trust for these lands be canceled.

The petition does not state to whom such deeds of trust and mortgages were made, but prays judgment that the cloud be removed and the title decreed to plaintiff, and for damages.

The demurrer sets forth several grounds, but I shall only notice two. The first is that the petition does not state facts sufficient to constitute a cause of action, and the second alleges that there is a defect of parties defendant.

The first cause of demurrer applies with peculiar force to the first count of the petition. To constitute a cloud upon the title of lands, there must be some color of title shown in the defendant. The conveyance of land by the grantor who sets up no title whatever does not cast any cloud over the title of the true owner. There is no pretense in this case that the Dunklin and Pemiscot Plank Road Company had any color of title to the land in dispute — at least nothing of the kind is alleged in the petition. The demurrer to the first count was properly sustained on this ground.

The second count is manifestly defective for want of parties against whom a decree is asked.

The court is asked to set aside mortgages and deeds of trust without bringing the parties to these mortgages and deeds of trust before the court.

Let the judgment be affirmed. The other judges concur.