HENLEY *et al.*, *Plaintiffs in Error*, v. HENLEY *et al.*

1. **Practice.** Demurring to a special defence after having filed a reply, will be deemed a withdrawal of the latter as to such defence.

2. ———— : STANDING ON DEMURRER. Where a demurrer is overruled as to a special plea to a bill in equity, the plea being, a complete and full defence to the suit, and plaintiff elects to stand on his demurrer, the court does not err in dismissing the bill.

*Error to St. Louis County Circuit Court.*—HON. W. W. EDWARDS, Judge.

AFFIRMED.

*M. F. Taylor* for plaintiffs in error.

(1) Upon argument and submission of the demurrer, it was not competent for the court to do more than pass upon the demurrer itself, either sustaining or overruling it. (2) Conceding that the plea of former recovery was properly interposed, and the plea itself in proper form ; it was good only in favor of the defendant interposing it, and the ruling on the demurrer could do no more than pass upon the sufficiency of the averments themselves. (3) The issues having been joined upon the several matters pleaded in the various answers, it was not competent for the court, in passing upon the demurrer to the plea of former recovery, to dismiss plaintiffs' bill.

*H. D. Wood* and *John W. McElhinney* for defendants in error.

(1) The plea of *res judicata*, alleging a trial in a former suit, a submission to the court and a "dismissal" of the bill, upon the pleadings and proofs, is a good defence. If a decree dismissing a bill is absolute in its

terms, and not accompanied by words of qualification, such as "without prejudice," it is conclusively presumed to be upon the merits, and is a bar to any further litigation of the same subject between the same parties. 1 Dan. Ch. Pl. and Pr. (5 Ed.) *659 and note 1 ; 2 Dan. Ch. Pl. and Pr. (5 Ed.) *994 and note 3, and *995, notes 1 and 2 ; Wells Res Adjudicata, p. 384, sec. 455 *et seq.* ; *Durant v. Essex Co.*, 7 Wall ( U. S.) 107, 109 ; s. c., 8 Allen 103, 108 ; *Bigelow v. Winsor*, 1 Gray, 299, 391 ; *Foote v. Gibbs*, 1 Gray, 412, 413 ; *Gore v. Tyford*, 44 N. H. 525, 527 ; *Perine v. Dunn*, 4 Johns. Ch. *140, *142 ; *Neafie v. Neafie*, 7 Johns. Ch. *1. (2) The submission of the issue of law and the election to stand on the point raised, was in effect a waiver of the issue of fact which was made by the reply. *Dunklin Co. v. Clark*, 51 Mo. 60 ; *Little v. Harrington*, 71 Mo. 390 ; *Board v. Hackman*, 48 Mo. 243. (3) After the demurrer was overruled and plaintiffs stood upon the demurrer, final judgment for defendants was proper without trying the issue of facts. *Simeral v. Dubuque*, 18 Iowa, 319 ; *Philadelphia v. Johnson*, 92 Pa. St. 40. (4) The plea of Henley and Jacobsmeyer showing that plaintiffs had no cause of action was an absolute bar in favor of defendants not answering, and the judgment dismissing the bill as to all the defendants was proper. *Adderton v. Collier*, 32 Mo. 507 ; 2 Tidd's Prac. (4 Am. Ed.) 985, 986. (5) After sustaining the defence of defendants Henley and Jacobsmeyer, the court could not permit plaintiffs to proceed against the other defendants on account of defect of parties. 1 Dan. Ch. Pl. and Pr. (5 Ed.) 246, 287, note 2 ; Story's Equity Pl. (9 Ed.) secs. 75, 159.

BLACK, J.—The petition discloses the following facts : Samuel J. Henley, husband of the other plaintiff, bought fifty-seven acres of land, and gave a deed of trust thereon to secure a part of the purchase money. Afterwards, he conveyed twenty-two  acres to his wife

for her sole and separate use. Still later, he conveyed the remaining thirty-five acres to his son Samuel W. Henley, who conveyed an undivided one-half to A. G. Hall. There being a default under the deed of trust, the trustees sold, first, the twenty-two acres, and next, ten of the thirty-five acres. After this, A. G. Hall conveyed his one-half interest to V. V. Hall; and Jacobs-meyer is in possession of twelve acres by contract with V. V. Hall. The claim of the plaintiffs is that the thirty-five acres should have been sold first, and they seek to establish a lien on the unsold twenty-five acres in favor of Mrs. Henley for the amount of the proceeds arising from the sale of her twenty-two acres. The Halls being notified by publication, made default, and the other defendants, Samuel W. Henley and Jacobsmeyer, filed joint and separate answers in which they make admissions, denials, and affirmative allegations. For a further and distinct defence, they set up a former adjudication of the same cause of action in a suit between the same parties. The plaintiffs filed a reply, which is a general denial, and at the same time a demurrer to the special defence. The court overruled the demurrer and gave judgment dismissing the bill.

It is not claimed that there was error in overruling the demurrer, but it is said there was error in giving judgment of dismissal at that stage of the case, and that the court should have tried the issues of fact, presented on the petition, answer, and reply. The judgment shows that the plaintiffs, by their attorneys, elected to stand by their demurrer, and refused to further plead or reply to the answer. As the demurrer was specific and interposed only to the special defence, the reply, though general, having been filed at the same time, must be regarded as relating alone to the other affirmative matter stated in the answer. Even if the reply was designed to make an issue of fact on the plea of a former adjudication,

insisting upon the demurrer thereafter would amount to a withdrawal of the reply as to the special defence to which the demurrer was interposed. *Dunklin County v. Clark*, 51 Mo. 60. The court adjudged the special defence to be good, and the plaintiffs elected to stand upon their demurrer, and there could be no use of taking the evidence on the other issues of fact, for no matter how found, the final judgment must have been for these defendants. As to the Halls, the petition stood confessed. But the defendant, Samuel W. Henley, owned the undivided one-half of the land, against which the decree was sought, and Jacobsmeyer was in possession of twelve acres thereof under a contract with V. V. Hall, the exact nature of which is not stated; and they were necessary parties. 1 Dan. Ch. Pl. and Pr. (5 Ed.) 246; Story Eq. Plead. (9 Ed.) sec. 159. We conclude that when the special plea stood confessed, constituting a full and complete defence, as it did, it was not necessary to try the other issues of fact; and there is no error on the record because a trial of them was not had.

The judgment is, therefore, affirmed. All concur.