NANCY GOOD *et al.*, Appellants, v. MERKOWITZ BROTHERS & STRAUS *et al.*, Respondents.

### St. Louis Court of Appeals, April 16, 1889.

**Injunction: EXECUTION SALE: WIFE'S RIGHTS.** Injunction will not lie in behalf of a wife to restrain the sale under execution of her husband's interest in lands which he had conveyed to her prior to the judgment.

*Appeal from the Greene Circuit Court.*—HON. W. D. HUBBARD, Judge.

AFFIRMED.

*Boyd & Delaney*, for the appellants.

If the property is liable to creditors, it can only be reached by a bill in equity divesting her title. *Clark v. Rynes*, 53 Mo. 380. The presumption of law is that the consideration expressed in the deeds from Daily to Nancy Good was paid by her husband Dan Good, and therefore the land is apparently subject to the claim of creditors. *Sloan v. Terry*, 78 Mo. 625. Therefore on the face of the records, if sale is permitted, the purchaser at the sale will acquire a title, superior to the title of Nancy Good, and to defeat this apparently superior title, Nancy Good must resort to parol evidence *dehors* the records. That is to say, to defeat the purchaser, she must overcome the presumption that the conveyance is fraudulent as to existing creditors, and this necessity entitles her to equitable relief.

*F. S. Heffernan* and *J. R. Vaughan*, for the respondents.

In cases where the wife acquires real estate by gift or voluntary conveyance from the husband, the husband

has a marital interest in the same which is not protected by the provisions of section 3295, Revised Statutes, and the same is subject to seizure and sale for his debts. *Sloan v. Terry*, 78 Mo. 625 ; *McFerran v. Kinney*, 22 Mo. App. 562 ; *Ryder v. Husle*, 24 N. Y. 372. The evidence in these cases shows that Good conveyed all his tangible and visible property, and that just as soon as plaintiffs got their claims into judgment and execution issued, nothing could be found except the property covered by the voluntary conveyance, and which Nancy Good, the wife, is now claiming as her own. *State ex rel. v. Koontz*, 83 Mo. 332 ; *Lionberger v. Baker*, 88 Mo. 452 ; *Eddy v. Baldwin*, 32 Mo. 372 ; *Patten v. Casey*, 57 Mo. 118. Injunction will not lie in this case for the reason that the appellants have an adequate remedy at law, by an action to quiet title under the statute and by setting up the matters in defense in ejectment if the title of Nancy Good should be assailed. High on Inj., secs. 247, 373, 377 ; *Haeussler v. Thomas*, 4 Mo. App. 469 ; *Witthaus v. Bank*, 18 Mo. App. 161 ; *Drake v. Jones*, 27 Mo. 428 ; *Kuhn v. McNeil*, 47 Mo. 389 ; 1 High on Inj., secs. 246, 249, 337. A conveyance from husband to wife of all his property without consideration would not be upheld as between him and his heirs and the wife. Such provisions to be valid and sustained *inter partes* must be reasonable. The The reason for this rule is much stronger as against the wife in favor of a creditor. *Warlick v. White*, 86 N. C. 139.

THOMPSON, J., delivered the opinion of the court.

This is a proceeding by injunction to restrain the sale of certain real property under an execution. A temporary injunction was granted, but, on final hearing, the court dissolved the injunction and dismissed the suit. The plaintiffs appeal to this court.

The case is this : The defendants recovered a judgment against the plaintiff, Dan Good. While the suit in

which this judgment was rendered was pending, Dan Good conveyed the property in controversy, through a third person, to his wife, Nancy Good, without any other consideration than love and affection, and for the purpose of securing his family against want. The defendants in the present action, plaintiffs in that action, having prosecuted their suit to judgment, caused the sheriff to levy upon the right, title and interest of Dan Good in the land in question. To enjoin a sale under this levy Nancy Good brings this suit in equity, her husband, Dan Good, being joined for conformity.

This case should have been disposed of on demurrer to the petition. It cannot be supported on any just conception of equity jurisdiction. In this state an injunction will not be granted to restrain a sale of land under an execution, on the ground that the sale will cast a cloud on the title of the true owner, where the plaintiff would have a full and adequate remedy at law in defending an action of ejectment. *Drake v. Jones*, 27 Mo. 428; *Kuhn v. McNeil*, 47 Mo. 389; *Witthaus v. Bank*, 18 Mo. App. 181, 184; *Parks v. Bank*, 31 Mo. App. 12, 16. Much less will an injunction be granted at the suit of A. to restrain a sale of the right, title and interest of B., in land which may be owned in fee simple by A. by an antecedent legal title; for such a sale does not, upon any conception, cast a cloud upon the title of A. *Witthaus v. Bank, supra.* Here, the wife is seeking an injunction to restrain a sale of her husband's interest in land which he has conveyed to her prior to the judgment. If the conveyance to her is good, the husband retains no interest in the lands which is vendible in execution (R. S., sec. 3295), and she is not harmed by the sale of his supposed interest under an execution against him. On the other hand, if the conveyance to her is bad, as being in fraud of her husband's creditors, they would, under a rule well settled in this

state, have the right to sell whatever interest in the land he might have, and the purchaser at the sale would have the right to maintain a suit in equity to set aside the conveyance. *Lionberger. v. Baker*, 88 Mo. 447; affirming s. c., 14 Mo. App. 353; *Haskell v. Whyte*, 12 Mo. App. 585. This remedy of the creditor cannot be headed off by an injunction proceeding on the part of the grantee of the debtor.

The judgment will be affirmed. All the judges concur.