RUSSELL, *Appellant*, v. INTER-STATE LUMBER COMPANY.

Division One, October 31, 1892.

Injunction: EXECUTION SALE. A sale under judgment and execution in an action enforcing a mechanics' lien will not be enjoined on the ground that the sale will cast a cloud upon the title of the property to be sold, where the petition charges that the judgment and execution are void for want of jurisdiction, and on other grounds appearing in the record of the mechanics' lien suit.

*Appeal from Jackson Circuit Court.*—HON. J. W. HENRY, Judge.

AFFIRMED.

*L. A. Laughlin* for appellant.

(1) The suit asking relief by injunction was properly brought. *Park v. Bank*, 97 Mo. 130; *Murphy v. Simpson*, 42 Mo. App. 654. And having obtained jurisdiction equity will proceed to do full justice

between the parties. *Real Estate, etc., v. Collonious*, 63 Mo. 290; *Holloway v. Holloway*, 97 Mo. 628. (2) The plaintiff has the right to object to the validity of the proceedings to enforce the lien in this suit to the same extent that he might have done in the lien suit had he or his privies been parties thereto. Phillips on Mechanics' Liens, sec. 395; Revised Statutes, 1889, sec. 6713; *Hauser v. Hoffman*, 32 Mo. 334. (3) The deed of trust was prior to the alleged lien, and judgment enforcing the lien against the ground was erroneous. Revised Statutes, 1889, sec. 6707; *Steininger v. Raeman*, 28 Mo. App. 604. (4) The judgment enforcing the lien gave the Inter-State Lumber Company no rights in the property. *Fire Works v. Ellison*, 30 Mo. App. 67; *Crandall v. Cooper*, 62 Mo. 478; *Coe v. Ritter*, 86 Mo. 277. (5) The lien statement is fatally defective; no name appears in the body of the affidavit, nor does it state that he makes it for the company; besides a separate lien should have been filed against each house. (6) The judgment enforcing the lien is void.

*Kagy & Bremermann* for respondent.

(1) The appeal is from an order dissolving a temporary injunction and cannot be entertained. *Tanner v. Irwin*, 1 Mo. 65; *Harrison v. Rush*, 15 Mo. 175; *Johnson v. Board of Education*, 65 Mo. 47; *Witthouse v. Bank*, 18 Mo. App. 181; *Chase v. Hall*, 41 Mo. App. 15. (2) The bill does not state any equity. Equity will not enjoin an execution sale on the ground that the sale will pass no title and may cast a cloud on the title of the true owner. *Drake v. Jones*, 27 Mo. 428; *Kuhn v. McNeill*, 47 Mo. 389; *Witthouse v. Bank*, 18 Mo. App. 181.

BRACE, J.—This action is injunction to restrain the sale of certain contiguous lots and buildings

thereon, in Goodin Place in the City of Kansas, under a special execution upon a judgment establishing a mechanics' lien thereon, in favor of the defendant in a suit in which plaintiff and Joel Harford and James Goodin were defendants.

On the twentieth of September, 1888, James Goodin, being the owner of said real estate on which there were then no buildings, executed and, on the twenty-eighth of September, 1888, acknowledged a deed conveying the same to the said Joel Harford for the consideration of $8,750. For the purpose of making a payment on said purchase price, and to raise money to erect buildings on said lots, Harford, on the fourth of October, 1888, negotiated with Harkness & Russell for a loan of $7,050, and on that day with his wife executed and acknowledged a deed of trust conveying said lots to Louis A. Laughlin in trust to secure the payment of a note to said Harkness & Russell for that amount, payable in ninety days. On the sixth of October the parties met; the deed from Goodin to Harford was delivered to Harkness & Russell, who paid Goodin $2,250 of the loan to Harford, who then delivered his deed of trust and note to them, and they afterwards on the eighth of October filed both for record, the deed at 9:32, and the deed of trust at 9:55 A. M. Afterwards Harford executed a second deed of trust on the property to James Scammon to secure a note given to Goodin.

Pending these negotiations with Harkness & Russell, Harford contracted with the defendant (The Inter-State Lumber Company) to furnish material for building six two-story frame houses on the lot, and, on the eighth day of October, began delivering such material, and continued so to do until the twenty-second day of October, 1888, at which date they had

delivered material that went into the construction of said houses, amounting to the value of $2,460, which amount remaining unpaid on the nineteenth of February, 1889, the defendant filed a ''mechanics' lien'' therefor.

In the meantime Harkness & Russell had paid the remainder of their loan to Harford, on his order for material and labor that went into the buildings; and, on the twenty-eighth of February, 1889, his note secured by the deed of trust remaining unpaid, they foreclosed the same by a sale on that day, at which one Charles T. C. White became the purchaser at the price of $2,500, and received a deed therefor from the trustee, dated March 1, 1889. On the ninth of March, 1889, White quitclaimed the premises to the plaintiff, the junior member of the firm of Harkness & Russell, for the same amount of money. To the April term, 1889, of the circuit court of Jackson county at Kansas City, and within ninety days after filing its lien, the defendant lumber company brought suit to enforce the same against the premises, making Harford, Goodin, Harkness & Russell all parties defendant, all of whom were served. Harkness & Russell appeared and answered. Harford and Goodin made no appearance. The suit coming on to be heard, Harkness & Russell objected to the lien filed on the ground that the affidavit was not properly made, which objection being sustained, the lumber company dismissed as to them, and proved up its case against the defaulting defendants, Harford and Goodin; their default was made final, and judgment rendered establishing the company's lien against the premises for the amount thereof with interest and costs, and a special *fi. fa.* awarded against the property.

The writ was issued on the twenty-first day of December, 1889, and the lots and improvements

advertised for sale by the sheriff on the twenty-third of May, 1890, by virtue thereof, when, on the sixteenth of May, this suit was instituted, and a temporary injunction granted. Afterwards the case coming on to be heard, on the fourteenth of June, 1890, on its merits, and the foregoing facts appearing in evidence, the temporary injunction was dissolved, the plaintiff's bill dismissed, judgment rendered in favor of the defendants for costs, and the plaintiff appeals.

From these facts substantially set out in the petition, the plaintiff therein deduces the conclusion, and avers: That said judgment and execution are null and void, because said Harford and Goodin, at the time the judgment was rendered, had no interest in the property, and the "court had no jurisdiction over the subject-matter of said suit or the persons of the defendants against whom judgment was given;" nevertheless, he avers that the sale of the property will cast a cloud upon his title; wherefore he prays that the sale be restrained. If the deduction drawn by the pleader be correct that the judgment is null and void for these reasons, more particularly assigned in his brief, as: That the suit was dismissed as to Harkness & Russell before judgment; that the lien was not verified as required by law, and that the defendant Harford was not legally summoned therein—all of which facts are necessarily matters of record in the lien suit, under the judgment in which the defendant alone is shown to have or to claim any right whatever in the premises; then the plaintiff's interest can be in no way injuriously affected by the sale, at which the purchaser can only acquire just such title as the judgment of the lienor warrants.

The plaintiff upon his petition and proof shows no ground for the interposition of a court of equity by way of injunctive relief, as prayed for. He will be in

Russ v. The Wabash Western Ry. Co.

just as good a position the day after the sale is made as he was the day before. Whatever rights the defendant acquired, if any, by its judgment, it has a right to have enforced by sale for aught that appears in the case made by the plaintiff. And the circuit court committed no error in dismissing the bill. The judgment is affirmed. All concur.