ALEXANDER SMITH, Respondent, v. JOHN TAYLOR, Appellant.

St. Louis Court of Appeals, February 7, 1899.

1. **Equitable Intervention:** FRAUD OR MISTAKE. Where a judgment at law has been obtained by fraud or mistake, a court of equity will interfere and set aside the judgment, provided the defendant in the judgment has not been negligent in availing himself of the legal remedies that may have been open to him. The sale of land will be enjoined at the suit of the owner, where the person sought to be enjoined has the apparent right to sell the land and thereby create a record title which upon the face of it would be superior to that of the complainant, and where the matters showing that such person has no such right are *dehors* the record.

2. ———: ———: SALE ENJOINED. In the case at bar, the plaintiff expressed a willingness to pay, and he deposited in court the full amount of the original judgment, as rendered by the justice, including the costs of the suit and the additional costs of the sheriff, and he produced the written contract sued for and offered to deliver it to the claimant. Held, that the plaintiff was entitled to have the judgment of the justice declared satisfied and the sale of the land enjoined.

*Appeal from the Webster Circuit Court.*—HON. ARGUS COX, Judge.

AFFIRMED.

DICKAY & McDOWELL for respondent.

The petition is sufficient, for the reason that if all the facts alleged therein are true, the petitioner is entitled to the relief prayed for, as the true test of the sufficiency of a petition is whether, if all the facts stated therein are true, the plaintiff is entitled to any relief. Wetmore v. Crouch, 55 Mo. App. 441. The petition alleged every substantive fact which respondent was required to prove to maintain his

action which was all that was required of him.    Lanitz v. King, 93 Mo. 513; Harrison v. Railroad, 50 Mo. App. 332. * * * It would be unconscionable and unjust to enforce this judgement for the reason that it was fraudulently and clandestinely rendered in its present form, without the knowledge of the respondent and under circumstances which led him, and would have led any reasonable man, to believe that another and entirely different judgment by which he was willing to abide, was rendered.    Bassett v. Henry, 34 Mo. App. 543; Bresnehan v. Price, 57 Mo. 422.    And such is the power of the circuit court, being a court of original chancery powers, that in order to prevent a person from obtaining the advantages of an unjust judgment, it may enjoin such judgment although the same has been approved and affirmed by the supreme court.    State ex rel. Phelan v. Engelmann, 86 Mo. 551.

THOMAS A. WARREN, SELPH & RUSH, CASE & HAYMES for appellants.

In overruling the demurrer the trial court committed error because the petition was insufficient in the following particulars:    The judgment sought to be enjoined is not set out therein, and no copy thereof is filed as an exhibit in the cause.    Parsons v. Wilkerson, 10 Mo. 713.    It has been held by this court that a demurrer would be held good where no copy of the judgment sought to be enjoined was made an exhibit in the injunction case.    "The bill is clearly defective in not making an exhibit of a transcript of the judgment sought to be enjoined, and no decree should have been rendered on it."    Parsons v. Wilkerson, 10 Mo. 713.    It shows no diligence on the part of respondent Smith, or his attorneys, in the matter of taking an appeal from the judgment of the justice of the peace. R. S. 1889, secs. 6185 and 6279; Risher v. Roush, 2 Mo. 95; George v. Tutt, 36 Mo. 141; Reed v. Hansard, 37 Mo. 199;

March v. Bast, 41 Mo. 493. It does not charge fraud in the procurement of the judgment rendered by the justice of the peace. Black on Judgments, secs. 291, 368, 369, 370 and 919; Freeman on Judgments [4 Ed.], sec. 489; Payne v. O'Shea, 84 Mo. 129; Murphy v. De France, 101 Mo. 151. It does not allege that the respondent, Smith, owned the land levied upon by appellant, Hailey, nor that said land had any value whatever. Pier v. Henrichoffen, 52 Mo. 333; Scott v. Robards, 67 Mo. 289; State to use v. Bacon, 24 Mo. App. 584; Rogers v. McCraw, 61 Mo. App. 407; Story v. Ins. Co., 61 Mo. App. 534. Before respondent can obtain relief by injunction he must show that he is threatened with an injury for which he has no adequate remedy at law; and the facts, not mere conclusions, must be set forth in the petition. Now, if appellants had proceeded to trial in this cause, no one can deny that it would have been necessary for respondent, Smith, to show that he was the owner of the land in question and that the same had some value. It does not allege that respondent Smith could not have held the land levied upon as exempt from execution under the homestead law. Herwick v. Barbers' Supply Co., 61 Mo. App. 454. It shows on the face of the petition that said judgment was rendered by a justice of the peace and a transcript filed in the office of the circuit clerk, and fails to charge that an execution was issued by the justice of the peace and returned not satisfied. R. S. 1889, sec. 6287. * * *

BIGGS, J.—This is a proceeding in equity to set aside a judgment and to enjoin the sheriff from selling certain land which had been levied upon under an execution issued on the judgment. The plaintiff in the judgment and the sheriff were made defendants. The court overruled a general demurrer to the petition. The defendants refused to plead further; thereupon the circuit court upon the evidence adduced by

plaintiff rendered a decree enjoining the sale and setting aside the judgment. The defendants have appealed.

The equitable intervention of the court is invoked here upon two grounds which are well settled by the decisions in this state and elsewhere. The first is that where a judgment at law has been obtained by fraud or mistake, a court of equity will interfere and set aside the judgment, provided the defendant in the judgment has not been negligent in availing himself of the legal remedies that may have been open to him. (State ex rel. Phelan v. Engelmann, 86 Mo. 551; Bresnehan v. Price, 57 Mo. 422.) Secondly, the sale of land will be enjoined at the suit of the owner where the person sought to be enjoined has the apparent right to sell the land and thereby create a record title which upon the face of it would be superior to that of the complainant, and where the matters showing that such person has no such right are *dehors* the record. Bank of Tipton v. Davidson, 40 Mo. App. 421; Mason v. Black, 87 Mo. 329; Harrington v. Utterback, 57 Mo. 519; Clark v. Ins. Co., 52 Mo. 272; Merchants Bank v. Evans, 51 Mo. 335; Volger v. Montgomery, 54 Mo. 577; Skinker v. Heman, 64 Mo. App. 444.

The following matters are substantially averred in the petition. The defendant Taylor sued the plaintiff here before a justice of the peace to recover the possession of a written contract. During the pendency of the suit the plaintiff retained possession of the paper. At the conclusion of the trial the justice announced that the judgment was for Taylor and that the damage for the detention of the paper was five dollars. Nothing was said by the justice as to the value of the property. Plaintiff then left the office of the justice believing that a full and complete judgment had been announced, and with the intention of satisfying it. Afterward the justice, without notice to plaintiff, assessed the value of the paper at $200, and rendered judgment accordingly. After the time for taking an appeal had passed

the plaintiff for the first time learned of the additional finding and of the change in the judgment. Subsequently a transcript of the judgment was filed in the office of the clerk of the circuit court, and upon this transcript the execution in question was issued and was levied upon certain land as the property of the plaintiff. The plaintiff expressed a willingness to pay and he deposited in court the full amount of the original judgment as rendered by the justice, including the costs of the suit and the additional costs of the sheriff and he produced the written contract and offered to deliver it to Taylor. Taking these averments as true we think that the plaintiff was entitled to have the judgment of the justice declared satisfied and the sale of the land enjoined.

Objection is made that the petition fails to aver that the land levied upon was not the homestead of the plaintiff. In the cases of Harrington v. Utterback and Volger v. Montgomery, *supra*, the supreme court held that a court of equity would enjoin the sale of homestead. This is done to prevent a cloud from being cast on the title of the homesteader.

Objection is also made that it is not averred that the plaintiff was the owner of the land. The allegation is that the land was levied upon as the property of the plaintiff. It will be presumed that the plaintiff had some interest in the land or Taylor would not have incurred the expense of having it advertised under the execution.

We therefore conclude that the demurrer was properly overruled, and that the decree was justified by the averments in the bill. The judgment will be affirmed. All concur. Judge Bond in the result only.