## HANNIBAL & ST. JOSEPH RAILROAD COMPANY, Appellant, v. NORTONI et al.

### Division Two, February 6, 1900.

1. **Fraudulent Conveyance:** INDEPENDENT TITLE: THIRD PARTY. Where the title of a grantor in a deed is independent of plaintiff's title, he has the unquestionable right, except as to creditors, to dispose of it in any way he may please, regardless of the effect that its disposition may have on plaintiff's title. And a petition which alleges ownership and possession in plaintiff, and charges that the defendant corruptly and fraudulently induced a third party to make him a deed to the land, and asking that it be set aside and cancelled as being a fraud and a cloud upon plaintiff's title, does not state a cause of action.

2. ———: CANCELLATION: PARTIES. The maker of a deed which is a fraud on the rights of the true owner, is a necessary party, as well as the grantee, in a suit to set it aside.

3. ———: ———: INTERVENTION OF EQUITY. Where a deed is clearly a fraud on its face, an equity court will not lend its aid to set it aside merely because the petition alleges it to be a fraud on plaintiff's title. And where it is apparent from the records in the recorder's office that the grantor in a deed had no title, the deed is void on its face.

4. ———: ———: WHEN EQUITY WILL INTERFERE. It is only where the deed sought to be removed as a cloud does not appear to be a fraud on its face, but is void by reason of some other infirmity, and extrinsic evidence has to be resorted to for the purpose of establishing its invalidity, or the defect which renders it invalid is of such a character as to be discoverable only by a mind of legal acuteness, that an equity court will lend its aid to set it aside.

Appeal from Macon Circuit Court.—*Hon. Andrew Ellison*, Judge.

AFFIRMED.

*Spencer & Mosman* and *Ben Eli Guthrie* for appellant.

(1) The facts stated in the petition entitled plaintiff to a decree cancelling said warranty deed on account of the fraud

practiced by the defendants in procuring the same. It is true that no deception was practiced upon the plaintiff, and no false representations were made to it to induce it to part with any property. This, however, is not decisive as to the existence of fraud. We contend that any "contrivance and design between two or more parties to injure a third person by depriving him of some right, or otherwise impairing it," is a fraud. Conrad v. Nicoll, 4 Pet. 291; Rutherford v. Williams, 42 Mo. 24; Story's Eq. Jur. (10 Ed.), secs. 695 and 695a. The only difference between the acts of the defendants and the act of one who purchases the property of a debtor in fraud of the rights of his creditors is, that such purchaser falls in with and assists a fraud concocted by another, while here the defendants originate the scheme, and themselves concoct the fraud. Taafe v. Kelley, 110 Mo. 127; Mason v. Black, 87 Mo. 329; Kaut v. Gerdemann, 109 Mo. 552; Bank v. Chambers, 96 Mo. 467; Story's Equity Juris., sec. 700; Dongle v. Pallick, 49 Mo. App., 484; Stewart v. Caldwell, 54 Mo. 538. In our State, ten years of open, notorious, continuous, adverse possession vests in the possessor the title. Nelson v. Broadhack, 44 Mo. 600; Gardner v. Terry, 99 Mo. 526. Hence it will not do to say that this deed is from a stranger to the title, and therefore a nullity, for if the claim of the defendants is true, the deed is from a party who, prior to executing the same, had acquired title by adverse possession. (a) The fact that plaintiff is in possession, instead of being a bar to its suit, is one of the reasons entitling it to the interposition of a court of equity. Keane v. Kyne, 66 Mo. 218; Gilbert v. Renner, 95 Mo. 154; Graves v. Ewart, 99.Mo. 13; Sullivan v. Finnegan, 101 Mass. 447; Holland v. Chapman, 110 U. S. 24. (b) But it may be claimed that though the plaintiff has no action at law, still as it is in possession, it must be content, and must remain purely on the defensive, permitting his title to remain under a cloud. It should be remembered that it is the parties defendant in the action that an-

nounce this doctrine, and that time is material to them in order that they may realize on their deed. But the laws of this State make no such requirement of a party in possession of land. Such a party is "not bound to wait for the institution," but has the right to bring suit himself. Verden v. St. Louis, 131 Mo. 79; Clifton v. Anderson, 40 Mo. App. 624; Parks v. Bank, 97 Mo. 132. (c) "The relief is granted in such cases upon the ground that the deed or other instrument constituting the cloud may be used to embarrass the plaintiff's title, and that, too, when the plaintiff's evidence is not at hand." Gardner v. Terry, 99 Mo. 527; Ward v. Chamberlain, 2 Black. 445; Sneathen v. Sneathen, 104 Mo. 206; Martin v. Jones, 72 Mo. 25; Sharon v. Tucker, 144 Mo. 544. (d) This court is "disposed to regard with favor, proceedings which are preventive in their character, rather than compel the injured party to seek redress after the damage is accomplished." Overall v. Ruenzi, 67 Mo. 207; Gardner v. Terry, 99 Mo. 526. (2) But it may be claimed that the plaintiff has an adequate remedy at law, and therefore is not entitled to relief in equity. This rule is only applicable to a case where the remedy at law is adequate to satisfy all the requirements of the parties' situation. It must be "as practical and as efficient to the aid of justice and its prompt administration as the remedy in equity." Allen v. Hanks, 136 U. S. 311; Holland v. Chapman, 110 U. S. 24; Banks v. Chambers, 96 Mo. 467; Harrington v. Utterbach, 57 Mo. 520; Parks v. Bank, 97 Mo. 130; Virden v. St. Louis, 131 Mo. 79; Gardner v. Terry, 99 Mo. 523. We, however, contend that "the jurisdictional powers formerly possessed by a court of equity still continue unaffected by the enlargement which is taking place in the practice of courts of law." Stewart v. Caldwell, 54 Mo. 539; Pratt v. Clark, 57 Mo. 189; Clark v. Henry, 9 Mo. 343; Dobyns v. McGovern, 15 Mo. 668; Clouston v. Shearer, 99 Mass. 209. (3) (a) The petition does not charge that the deed is void on its face. It merely states facts which, if true,

would avoid the deed as to this plaintiff on account of the fraud perpetrated by the defendants in its procurement. There is no defect or imperfection on the face of the deed, and it is good against all the world, save those whose rights were fraudulently impaired in its procurement. As the invalidity of the deed would have to be shown by evidence *dehors* the record, and parol evidence, at that, the cause is a proper one for the interposition of a court of equity. Mason v. Black, 87 Mo. 345; Gardner v. Terry, 99 Mo. 527; Beadle v. Mead, 81 Mo. 303; Clark v. Ins. Co., 52 Mo. 272; Parks v. Bank, 97 Mo. 132; Bank v. Evans, 51 Mo. 345. (b) And this rule applies in this case for the further reason that the question of adverse possession can only be shown by parol evidence outside of the record.

*Dysart & Mitchell* for respondents.

(1) The demurrer was properly sustained. The plaintiff being in the actual possession, and having the fee simple record title, needs no interference or aid of a court of equity in the premises. If the facts as alleged by plaintiff be true, the decree prayed for would render the situation of the plaintiff neither better nor worse as to the title and enjoyment of the said lands. If sued at law in ejectment, plaintiff would not be compelled to resort to any extrinsic evidence, but could stand securely upon its record. It is only in cases where the apparent title passes by the sale, that courts of equity will interfere; such as the sale of a homestead under execution, and a sale for illegal taxes. (2) If the allegations of the petition be true, then defendants by their deed from Blake acquired no colorable or apparent title as against the plaintiff, in the absence of which a court of equity has no jurisdiction to interfere. Dunklin Co. v. Clark, 51 Mo. 60; Wilcox v. Walker, 94 Mo. 88; Purinton v. Davis, 1 S. W. Rep. 343.

(3)   A court of equity has no jurisdiction to set aside proceedings which are void on their face.   Such proceedings do not constitute a cloud on title, nor does a sale of land under a void judgment constitute a cloud on title.   And equity will not interfere to set aside such sale.   Peak v. Laughlin, 49 Mo. 162; Holland v. Johnson, 80 Mo. 34.   (4)   Injunction will not lie to stay execution sales, simply on the grounds that they will pass no title, and may cast a cloud on the title of the true owner.   Even if defendants had purchased said lands under an execution against Blake, the plaintiff could not have proceeded in equity to set aside such deed, for the same reason that they could not have maintained injunction to prevent such sale.   Kuhn v. McNeal, 47 Mo. 389; Witthaus v. Washington Savings Bank, 18 Mo. App. 181.   (5)   It can not be disputed that under the facts alleged, plaintiff would have a perfect defense in a suit of ejectment.   No extrinsic evidence would be required in an ejectment suit by the defendants against the plaintiff.  Plaintiff needs no interposition of equity under its statement of the facts.   The plaintiff's remedy at law is perfect upon its own showing.   Equity will not entertain a frivolous or unnecessary suit, but will leave the party to his legal remedy.   Blake had no colorable title.   It requires some writing, purporting to convey lands, to constitute color of title. Allen v. Mansfield, 108 Mo. 348.

BURGESS, J.—This is a suit in equity by plaintiff for the purpose of having a certain warranty deed in the petition described, purporting to convey a tract of forty acres of land in Macon county, of which plaintiff is the owner in fee and in possession, to defendants, declared null and void, and a decree entered cancelling and removing the same as being a cloud upon plaintiff's title.

The petition charges that plaintiff was the owner and in possession of the land; that for some years prior to May 31, 1893, one William M. Blake, occupied some three or four

acres of said land, and that about the 31st day of May, 1893, the defendants conspiring and intending to injure and defraud this plaintiff, went to said Blake and suggested to him that he should claim said land, and offered to pay him money if he would deed the same to them; and by their representations and solicitations fraudulently influenced and induced said Blake to claim the same, and procured from said Blake a warranty deed, conveying said lands to them for the recited consideration of $250.

The petition further charged that, in fact, no consideration was paid for said land; that the defendants at the date of their pretended purchase and for years prior thereto knew that the land belonged to the plaintiff; and that the said Blake had no title or interest in or to said land.

The petition further alleged that the defendants had "filed the deed thus corruptly and fraudulently obtained by them for record in the office of the recorder of deeds in and for Macon county, and caused the same to be spread upon the deed records of said county; and that the defendants claim that said Blake entered upon said land under claim of title in himself adverse and hostile to plaintiff; that said Blake has had the open, notorious and continuous possession of said three or four acres of land under color of title to the entire tract, holding the same adversely for more than ten years prior to the institution of this suit, and claim, that by virtue of such color and claim of title and adverse possession, had become vested in law with the title thereof."

The defendants demurred to the petition on the ground that it failed to state a cause of action; that the petition showed that the plaintiff was the owner in fee and likewise in possession; and hence under the allegations of the petition it does not appear that there is or can be a cloud on the plaintiff's title.    The court sustained the demurrer, and, plaintiff declining to plead further, rendered judgment dismissing plaintiff's petition from which plaintiff appeals.

Plaintiff claims that the facts stated in the petition entitled it to a decree cancelling said warranty deed on account of the fraud practiced by defendant on Blake in its procurement. It is not, however, claimed that any fraud was practiced upon plaintiff in so doing, but plaintiff insists that this was not necessary in order to entitle it to the relief prayed for, and, that any "contrivance and design between two or more parties to injure a third person by depriving him of some right or otherwise impairing it," is sufficient for that purpose.

Whatever interest, if any, Blake had in the land at the time of the execution of the deed by him to defendants, was independent of the title of plaintiff, and as to all persons except creditors he had the unquestionable right to dispose of it in any way that he saw proper, regardless of the effect that any disposition of it may have had on plaintiff's title. In Conrad v. Nicoll, 4 Peters, loc. cit. 295, it is said, "that to constitute actual fraud between two or more persons to the prejudice of a third, contrivance and design, to injure such third person, by depriving him of some right or otherwise impairing it, must be shown," but we are unable to see, how by reason of the deed from Blake to defendants, plaintiff was deprived of any of its rights or that any of them were impaired. Plaintiff had no interest whatever in the deed nor was it in any way connected with or concerned in the fraud alleged to have been practiced by defendants upon Blake even if true, and he is not complaining and certainly plaintiff can not do so for him. If plaintiff was injured by any unlawful arrangement between defendants with Blake its remedy was against them personally for damages, and not in equity to set aside a deed executed by a third party, in which it had no interest. Equitable remedies are "denominated contractual because they are available only as between parties occupying the contract relation" [11 Am. and Eng. Ency. of Law (2 Ed.), 203], but plaintiff occupies no such relation towards the defendants in this case. We know of no rule of equitable jurisprudence which would

authorize the cancellation of the deed in question under the circumstances, nor do we think that an authority can be found which holds otherwise.

If, however, the proceeding was a proper one, Blake was a necessary party to the suit, without whom before the court, it would be without authority to cancel the deed from him to defendants, and it was just as necessary that Blake be made a party defendant as the grantees in the deed, as his interests were alike involved.   [Dunklin Co. v. Clark, 51 Mo. 60.]

It is also claimed that the facts alleged in the petition, and admitted by the demurrer, entitled the plaintiff to have the deed canceled upon the ground that it is a cloud upon plaintiff's title.

Plaintiff as shown in the petition was in possession of the land at the time of the institution of this suit.  The deed from Blake to defendants is clearly void on its face, because Blake had no title whatever to the land, which was apparent from the records of deeds in the recorder's office of the county.   Under such circumstances a court of equity will not lend its aid to remove what is claimed to be a cloud upon the title, because there is an adequate remedy at law, and it is only where the deed sought to be removed as a cloud, does not appear to be void upon its face, but is void by reason of some other infirmity, and extrinsic evidence has to be resorted to for the purpose of establishing its invalidity, or the defect is of such a character as to render the deed invalid but can only be discovered by a mind of legal acuteness, that it will do so. [Dunklin Co. v. Clark, 51 Mo. 60; Mason v. Black, 87 Mo. 329.]

It has been held that a void judgment constitutes no cloud upon a title which a court of equity will remove.   (Holland v. Johnson, 80 Mo. 34.)   In Clark v. The Covenant Mutual Life Ins. Co., 52 Mo. 272, it was held that when a person who claims title to land can only do so through the record, and a defect appears upon the face of such record, there is no

cloud on the title, such as will call for the exercise of the equitable powers of the court.

In 6 Am. and Eng. Ency. of Law (2 Ed.), 153 it is said: "The rule applicable to this class of cases is that equity will interpose only where the pretended title which it is alleged constitutes a cloud, or the proceeding which it is apprehended will create one, is apparently valid on its face, and the party in possession will be compelled to resort to extrinsic evidence to show the invalidity of the pretended title and to defend his own. If the instrument or proceeding is on its face plainly illegal and void there is no cloud, and no occasion for equitable interference." The same rule is announced in Ewing v. St. Louis, 5 Wall, loc. cit. 418.

In the case at bar it would not require either extrinsic evidence to show the deed to be void, or legal acumen to discover its invalidity.

In an action of ejectment by defendants against plaintiff for the possession of the land predicated upon the deed in question, no proof by plaintiff would be necessary to defeat a recovery and as the action would fail, without any proof by plaintiff in rebuttal, there is no ground for equitable relief.

Our conclusion is that the judgment should be affirmed. It is so ordered. *Gantt, P. J.*, and *Sherwood, J.*, concur.