CHARLES HENMAN, Appellant, v. FERDINAND WESTHEIMER et al., Respondents.

### Kansas City Court of Appeals, February 6, 1905.

1. **INJUNCTION: Judgment: Execution Sale.** As a general rule in Missouri an injunction will not lie to restrain an execution sale of land under a void judgment.

2. **————: ————: ————: Oral Testimony.** But where the invalidity of the judgment is not apparent upon the record and such defect must be proved by extrinsic evidence—especially oral testimony—the sale will cast such a cloud that a court of equity will prevent it.

3. **JUSTICES' COURTS: Docket Entries: Judgment: Jurisdiction.** The failure of a justice to enter in his docket the date of the issue of the summons and of the return day, and that after service the justice waited three hours after the time specified for the appearance of defendant, and fails to show that the judgment was entered in defendant's absence on default, and certain other omissions, and merely shows that no evidence was heard, are mere irregularities and do not reach the court's jurisdiction.

4. **————: Judgment: Jurisdiction: Summons: Evidence: Injunction.** A justice cannot obtain jurisdiction of a person without due process, and where the constable changes the return day in his writ the justice acquires no jurisdiction and the judgment is void, but such defect can only be shown by parol evidence, and a sale of land under execution will cast a cloud on the title that may be prevented by injunction.

Appeal from Buchanan Circuit Court.—*Hon. H. M. Ramey*, Judge.

REVERSED AND REMANDED (*with directions*).

*Samuel S. Shull* for appellant.

(1) The constable had no right or lawful authority to tamper with the writ or summons issued by the justice. Even the justice who issued the writ

could not make such a change after it left his hands. Trigg v. Ross, 35 Mo. 165; 1 Freeman on Executions (3 Ed.), sec. 47; Cope v. Snider, 99 Mo. App. 498. (2) Where a mode of acquiring jurisdiction differing from that of the common law is prescribed by statute, nothing less than an exact and rigid compliance with that statute will confer jurisdiction. Harness v. Cravens, 126 Mo. 233; Chamberlain v. Blodgett, 96 Mo. 482; Corrigan v. Schmidt, 126 Mo. 304; Skelton v. Sackett, 91 Mo. 377. (3) As it took evidence to show the spoliation of the summons, and as it took evidence to show that the person designated as "M. Henman" was no other than Michael Henman, that there was no "M. Henman" and that there was a Michael Henman and that it was he the Westheimer defendants were after in the justice court, this was a case for evidence and for equitable relief. The justice record after reciting that service was made by leaving a true copy, etc., with a member of defendant's family over the age of fifteen years, etc., goes on to say that "it appearing from the return of the officer that the defendant was duly served by process as the law directs." Now the summons and the officer's return are proper evidence in such cases to dispute such recitals and are proper evidence in this case. They show the defendant was not properly served with process. (4) Where judgment is void for want of jurisdiction over defendant, the courts are not loath to enjoin the judgment on proper proceedings in equity. High on Injunctions, secs. 228, 229; Black on Judgments, sec. 376; Railroad v. Schoenich, 144 Mo. 149.

*Street, Easton & Corby* for respondent.

(1) "If the judgment of the justice is void, then will the execution issued thereon be void also, and equity will not interfere to do a nugatory act. The remedy of the plaintiff is ample and adequate at law, and

this prevents the interposition of a court of equity."
Railroad v. Reynolds, 89 Mo. 146; Railroad v. Hoereth,
144 Mo. 149; Railroad v. Lowder, 138 Mo. 533; How-
lett v. Turner, 93 Mo. App. 24; Benton County v. Mor-
gan, 163 Mo. 661; Sayre v. Tompkins, 23 Mo. 443; High
on Injunctions, secs. 89, 125; 2 Story's Eq. Jur., sec.
898; Russel v. Lumber Co., 112 Mo. 40; Good v. Mer-
kowitz, 35 Mo. App. 658. (2) An injunction will not
lie to stay an execution sale simply on the ground that
it will pass no title and may cast a cloud on the true
owners's title. Drake v. Jones, 27 Mo. 428; Kuhn v.
McNeil, 47 Mo. 389; Witthaus v. Bank, 18 Mo. App. 181.

BROADDUS, P. J.—This is a proceeding by in-
junction to retain defendants from selling certain real
estate under execution.

The defendants had obtained judgment against
Michael Henman before a justice of the peace, which
judgment, upon certificate of the constable that no per-
sonal property of defendant could be found, was cer-
tified as usual under the statute; whereupon, the clerk
of the circuit court issued an execution which was
placed in the hands of the sheriff, one of the defendants
herein who levied upon certain land of plaintiff which
the latter had purchased from said Michael Henman af-
ter said judgment had become a lien thereon, and af-
ter said sheriff had advertised the property for sale to
satisfy the same. This judgment of the justice was
rendered on the 17th day of December, 1900.

The plaintiff relies upon the following allegations,
viz: That the docket of the said justice fails to show
when any summons or process was issued against said
Michael Henman in said cause; that it fails to show the
return day of such summons or process; that it fails
to show the date said summons was made returnable;
that said summons was not served upon said Henman;
that the same as issued was made returnable on the

14th day of December, 1900, and that the constable changed said date to the 17th day of said month and year; that said docket fails to show that upon the return of the summons served that the justice waited three hours after the time specified in the same for the appearance of defendant; that it does not show that judgment was entered against defendant in his absence or that he made default; that it shows that no evidence was heard in the cause; and that no evidence in fact was heard. It is further alleged that the name of defendant in said cause was not M. Henman; and that there was no complaint or demand filed in said cause to show that the defendant owed plaintiffs therein any debt.

The court on the conclusion of the evidence dismissed plaintiff's bill and he appealed.

Plaintiff asserts, and defendants admit, that the judgment upon which the execution was issued was void in law. Defendants cite the following cases to support their contention that injunction will not lie to restrain a sale of land under an execution issued upon a void judgment, viz: [Railroad v. Reynolds, 89 Mo. 146; Railroad v. Hoereth, 144 Mo. 136; Railroad v. Lowder, 138 Mo. 533; Howlett v. Turner; 93 Mo. App. 20; Benton County v. Morgan, 163 Mo. 661; Sayre v. Thompkins, 23 Mo. 443; High on Injunction, secs. 89, 125; 2 Story's Eq. Jur., sec 898; Russell v. Interstate Lumber Co., 112 Mo. 40; Good v. Merkowitz, 35 Mo. App. 658.] And it must be admitted that as a general rule the law is well settled in this respect in Missouri.

But plaintiff contends that where the proof requisite to establish the fact that a judgment is void rests outside of the record the rule is different, and an injunction in such case is the proper remedy. It has been held that when the opposite party can claim title only through the record, and there is no defect apparent on the record but such defect must be proved by extrinsic evidence, particularly if that evidence depends

upon oral testimony to establish it, there is a cloud upon the title and a court of equity may be invoked to remove it. [Clark.v. Ins. Co., 52 Mo. 272.] In Verdin v. St Louis, 131. Mo. 78, Judge BURGESS in his opinion said: "The taxbills, although illegally issued, were a cloud upon plaintiffs' title and rendered the property unsaleable in the market. No one would have purchased or advanced money upon the property with the taxbills against it even though they were void, as the defects in the proceedings previous to their issue, were such as to require legal acumen to discover them, and whether they appear from the face of the proceedings, or by extrinsic evidence, courts of equity will entertain jurisdiction to remove the cloud." But this opinion was not concurred in by a majority of the judges. It appears that the difference in that case arose over the "legal acumen doctrine," and also as to whether a court of equity would afford relief to remove a cloud upon title when it appeared that the proceedings were void upon its face. It seems therefore that the question was not fully determined by the court in that case.

In Clark v. Ins. Co., supra, although asserting that equity would interfere to remove a cloud upon title where it required extrinsic evidence to show the defect through which the opposite party claimed title, the general doctrine that equity would not interfere in such cases where the defect was apparent of record, was also recognized. This case was afterwards approved in Harrington v. Utterback, 57 Mo. 519; Beedle v. Mead, 81 Mo. 297; Mason v. Black, 87 Mo. 329; Colline v. Johnson, 120 Mo. 299; Railroad v. Nortoni, 154 Mo. 142; Rogers v. Bank, 82 Mo. App. 377; Smith v. Taylor, 78 Mo. App. 630. The rule is well settled that whereas a court of equity will not interfere to remove a cloud upon title where the defect is apparent on the face of the record, yet it will do so where it requires extrinsic evidence to establish such defect.

The matters complained of which are alleged as making the proceedings void are as follows, viz:

That the docket kept by the justice who rendered the judgment fails to show when any summons or process was issued against Michael Henman (the defendant in the proceedings); that it fails to show the return day of such summons; that it fails to show the date said summons was issued and delivered to the constable, and was made returnable; that it fails to show that upon return of summons duly served, the justice waited three hours after the time specified in said summons for the appearance of defendant; that it does not show that judgment was entered against defendant in his absence and that he made default; and that it shows that no evidence was heard when the cause was presented. These are matters which are shown by the justice's record. Other matters are not shown by the record, to-wit: That the constable changed the return day of the summons; that the name of the defendant was not M. Henman, but Michael Henman; that no complaint was ever filed in said cause; that no summons was served upon the defendant Michael Henman.

Section 3844, Revised Statutes 1899 provides that certain entries shall be made by every justice of the peace upon his docket, among which are the following: "the time when the first process was issued against defendant; the time when the parties appeared before him; and the time when the trial was had." The question therefore arises whether the failure of the justice to enter upon his docket the date when the summons was issued; that he waited three hours after the time specified in the summons to defendant for appearance before he rendered judgment; the time when the parties appeared and the time when the trial was had would have the effect to render the judgment void? It has been held that a justice's judgment is defective where the docket entries fail to show the defendant's appearance or due service of summons, but this defect may be

remedied by producing the summons which shows due service. [27 Mo. App. 477.] It was also held that a judgment entry may be either aided or impeached in that manner. [Cloud v. Pierce City, 86 Mo. 37, and Blodgett v. Schaffer, 94 Mo. 652.] But the omissions we have been speaking of are regarded as mere irregularities. Section 4031, Revised Statutes 1899, provides that no such irregularities shall render a judgment invalid. It follows therefore that plaintiff was not entitled to the relief sought by reason of the failure of the justice to make any of the docket entries or making any such entries complained of. And it is equally clear that the allegations of a failure of the justice after return of service of summons to require of the plaintiff in said cause to file some statement of his demand, and his failure to make certain other entries on his docket must be treated as mere irregularities also.

On the other hand, it must be conceded that the justice could not obtain jurisdiction over the person of Henman without due process. It is admitted that the constable changed the return day in the summons served on the defendant from the 14th day of the month until the 17th day thereof. Jurisdiction of a justice must be shown by process or appearance, or the proceedings are void. [Bersch v. Schneider, 27 Mo. 101.] Although the justice's docket here shows that process was duly made, the facts as stated show that such service was by a void summons. Service of a void summons was equivalent to no service; and as the defendant did not appear, the proceedings were *coram non judice*.

As this matter could only be shown by oral evidence, the case falls within the rule that equity will interfere to remove a cloud upon the title of plaintiff's land or to restrain defendants from making a sale, the effect of which will be to create such cloud. The cause is reversed with directions to the trial court to

enter up judgment perpetually restraining defendants from selling plaintiff's land as described in his petition. All concur.