Kuhn v. McNeil et al.

MATILDA KUHN, Appellant, *v.* JOHN McNEIL *et al.*, Respondents.

1. *Injunction—Execution sales—Cloud on title.*—Injunction will not lie to stay execution sales simply on the ground that they will pass no title and may cast a cloud on the title of the true owner.

*Appeal from St. Louis Circuit Court.*

*Hill & Jewett,* for appellant.

What is a cloud must generally be determined from an examination of the cases where that matter has been decided. In Morris v. Hogle, 37 Ill. 150, it was decided that a sale under a void decree was a cloud, and the sale was set aside. In England v. Lewis, 25 Cal. 357, it is decided that a sale under a judgment claimed as a lien, where in law there was no lien, would be a cloud, and such sale was enjoined. In Pettit v. Shepherd, 5 Paige's Ch. 501, an attempted sale under a judgment claiming a lien where none existed in law, was restrained. In Lyon v. Hunt, 11 Ala. 295, an irregular tax deed, casting a cloud, is set aside; In Burt v. Cassity, 12 Ala. 734, a sale on execution claiming a lien, not valid in law, is restrained. See also Oakley v. Trustees of Williamsburg, 6 Paige's Ch. 264-5, where invalid assessments for street improvements were declared to be a cloud. But the case in which this question is most clearly discussed, and a practical and sensible rule laid down, is Pixley v. Huggins, 15 Cal. 127, where the court gives this rule: "The true test, as we conceive, by which the question whether a deed would cast a cloud upon the title of the plaintiff may be determined, is this: would the owner of the property, in an action of ejectment brought by the adverse party, founded upon the deed, be required to offer evidence to defeat a recovery? If such proof would be necessary, the cloud would exist. If the proof would be unnecessary, no shade would be cast by the presence of the deed." Now, where tested by this rule, a sale under the execution asked to be enjoined in this case would be a very dark cloud. That the court will restrain an act which, if committed,

would cast a cloud upon plaintiff's title, is well settled by the cases above quoted and many others.

*Mauro & Laughlin*, for respondents.

CURRIER, Judge, delivered the opinion of the court.

The plaintiff claims to be the owner in fee of the premises described in the petition. He avers that the defendant McNeil, as sheriff, has levied upon the premises, and that he is about to sell them upon an execution against a third party who has no title or interest in the property. An injunction is asked upon the ground that the threatened sale, if proceeded with to its consummation, will cloud the plaintiff's title.

I see nothing in the case to distinguish it in principle from Drake v. Jones, 27 Mo. 428. The opinion in the case referred to concludes as follows: "Our first impressions of this question were the same that they now are, but the learned argument of the plaintiff's counsel created doubts that led us to a careful examination of the subject in all its bearings, which has resulted in the conviction that, under our system of laws and practice in reference to execution sales, it would be unwise and create great confusion in the administration of justice to permit sales under execution to be enjoined on the ground that they will pass no title and might cast a cloud on the title of the true owner."

Judgment affirmed. The other judges concur.