JOSEPH MURPHY, Respondent, v. JEPTHA H. SIMPSON
*et al.*, Defendants ; JEPTHA H. SIMPSON
Appellant.

St. Louis Court of Appeals, December 23, 1890.

1. **Injunction to Remove Cloud on Title:** REMEDY AT LAW.
The owner of land may restrain a threatened sale of land under a
deed of trust, which is claimed to be in force, but, in point of fact,
has been satisfied, notwithstanding that he is in possession of the
land, and could successfully defend against an action of ejectment.

2. **Deed of Trust:** REISSUE OF NOTE SECURED THEREBY. The pay-
ment of a note extinguishes a deed of trust given to secure it; nor
is the incumbrance revived by the subsequent reissue of the note.

3. ———— : TRANSFER OF NOTE AFTER MATURITY. If a note secured by
a deed of trust on land of the maker is paid after its maturity, and
if, thereafter, the note is reissued and is, together with the deed,
delivered as security for a new loan, the person thus receiving it
after its maturity is chargeable with notice of the payment of the
debt, and acquires no rights under the deed as against a subse-
quent *bona fide* purchaser for value of the land

*Appeal from the St. Louis City Circuit Court.*—HON.
DANIEL DILLON, Judge.

AFFIRMED.

*R. M. Nichols*, for appellant.

(1) There is no evidence that the note and deed
of trust were ever paid and delivered up to Lucy B.
Metcalfe, the actual owner of the property, and maker
of the deed and note, or to anyone for her ; but, even
so, it was perfectly competent for the mortgagors, after
payment of the note, to reissue and redeliver the note
and mortgage as a binding security, and this act of
reissuance is binding against everyone, excepting cred-
itors and purchasers intervening between the date of

payment and reissuance. Daniel on Negotiable Inst., sec. 1242 ; Jones on Mortgages, sec. 362 ; *Jordan v. Furlong*, 19 Ohio St. 96 ; *Bank v. Bowen*, 80 Ill. 542 ; *Underhill v. Atwater*, 22 N. J. Eq. 19 ; *Darst v. Gale*, 83 Ill. 136. (2) Whether Metcalfe simply changed his debt from Chambers to Simpson, or whether he reissued and redelivered the deed of trust and note as a security to Simpson for a new loan, the act of Chambers, although *cestui que trust* in the deed of trust, and although once the owner and holder of the note, in attempting to release the deed of trust, without producing either for cancellation at the time, five months after Simpson had acquired the same, and seventeen months after he had parted with all interest therein, was absolutely nugatory and void. R. S. 1889, sec. 7094 ; *Joerdens v. Schrimpf*, 77 Mo. 384 ; *Lee v. Clark*, 89 Mo. 553 ; *Hagerman v. Sutton*, 91 Mo. 519 ; *Seitz v. Durning*, 8 Mo. App. 208 ; *DeLaureal v. Kemper*, 9 Mo. App. 77 ; *Rice v. McFarland*, 34 Mo. App. 404.

*E. T. Farish*, for respondent.

ROMBAUER, P. J.—This is a suit in equity seeking the surrender and cancellation of a note, as a subsisting charge against the property of the plaintiff, on the ground that the note, in so far as it purports to be such a charge, is a fraudulent reissue of an obligation fully paid and extinguished. The court, upon hearing, made the following decree, and we find, on an examination of the record that, as far as herein set out, it is well sustained by the weight of evidence. The parts of such decree referred to are as follows :

"The court doth find that the defendants, Lucie B. Metcalfe and Lyne S. Metcalfe, Jr., executed and delivered to the defendant, J. H. Chambers, their certain promissory note, dated November 18, 1884, by which they promised to pay said Lyne S. Metcalfe, Jr., the sum of seven hundred dollars, with interest from date

at the rate of eight per cent. and after maturity at the rate of ten per cent. per annum, and that, to secure said note, said defendants Metcalfe executed and duly acknowledged their certain deed of trust of even date with said note, and duly recorded in the office of the recorder of deeds of the city of St. Louis, in book 741, at page 460, by which they conveyed to said defendant Obear, as trustee of the defendant Chambers, the said estate therein mentioned and described ; that said note, being first indorsed by said Lyne S. Metcalfe, Jr., was by him then delivered to said defendant Chambers for value, who continued to be the owner and holder thereof, and of said deed of trust ; that, from time to time, said Lyne S. Metcalfe, Jr., paid to said defendant Chambers, whilst he was such owner and holder of said note, divers and sundry sums of money, all, or most, of which were indorsed by said Chambers as credits on said note, and that, finally, in 1886, he paid the balance of principal and interest due on said note to said Chambers, who, thereafter, surrendered the same with said deed of trust, to said Lyne S. Metcalfe, Jr., and, afterwards, on the eleventh day of November, 1887, at the request of said Metcalfe, said Chambers acknowledged satisfaction of said deed of trust on the margin of the record thereof.

"That, on June 18, 1887, after said note had been fully paid and surrendered as aforesaid, defendants Metcalfe made a new note corresponding with said original note, and he, the said Lyne S. Metcalfe, Jr., indorsed the same and delivered it with said deed of trust to said defendant Simpson, as collateral security for a loan of six hundred and eighty-five dollars, then made by said Simpson to said Metcalfe.

"That afterwards, in May, 1888, plaintiff having negotiated for the purchase of said property from said defendants Metcalfe, and relying upon the disclosures made by the records in said office of recorder of deeds, plaintiff purchased said property and paid full value

therefor, and has since erected an extensive residence thereon. And the court further finds that said defendant Simpson, through his agents, shortly prior to the institution of this suit, demanded the payment of said note from plaintiff, and threatened to enforce payment thereof by foreclosure of said deed of trust. Therefore it is considered, adjudged and decreed that said defendants Simpson and Obear be forever enjoined from procuring or undertaking to foreclose said deed of trust, or to advertise or sell said property thereunder ; that said note, except as a subsisting obligation between said Lyne S. Metcalfe, Jr., and said defendant Simpson, be declared paid and extinguished, and the same be impounded in court. That the suit be dismissed as to defendant Nichols, and the plaintiff recover the costs of this suit against the defendants, Lyne S. Metcalfe, Jr., and Jeptha H. Simpson, and that execution issue therefor."

The appellant claims that the petition states no cause of action entitling the plaintiff to the relief awarded, and further that, conceding the facts as found by the court, yet the evidence does not warrant such relief.

The appellant's view seems to be that the plaintiff, being in possession, has an adequate remedy at law and could successfully defend against ejectment, because equitable defenses in this state are admissible in such actions. We suppose it is with that view that the cases of *Drake v. Jones*, 27 Mo. 428, and *Kuhn v. McNeil*, 47 Mo. 389, are cited in support of plaintiff's first point. We examined all the cases in this state on that subject in *Parks v. Bank*, 31 Mo. App. 12, and stated, as the correct view to be deduced from such cases, that the mere fact that the plaintiff has an equitable defense to an action at law does not necessarily debar him from seeking affirmative relief in equity. The case was certified to the supreme court since one of the judges thought that our view was opposed to the cases of *Drake v.*

*Jones*, and *Kuhn v. McNeil*, *supra*, and that court unanimously held ( 97 Mo. 130, 132 ), that a plaintiff had an equitable remedy to restrain even an execution sale, when the defense was of an equitable nature, and rested on matters *in pais*. That case is in point and disposes of the appellant's first contention.

The other point of the appellant rests on the soundness of the second proposition contended for by him, that Metcalfe had a right to reissue the note, even if it was paid, and Chambers had no legal right to satisfy the deed of trust on the record without Metcalfe's producing the note for cancellation. The note secured by the deed of trust bore date November 18, 1884, and was payable sixty days after date ; hence, when its duplicate was transferred to Simpson in June, 1887, such duplicate upon its face disclosed the fact that it was an overdue obligation, and subject to all equities of any third parties whose rights were to be affected by the paper. The cases of *Joerdens v. Schrimpf*, 77 Mo. 383, and *Lee v. Clark*, 89 Mo. 553, where the transfers were made before maturity, have, therefore, no application. The lien security on the land, which was a mere incident of the note, could, in the very nature of things, have no higher negotiability than the note itself had, and, if it was extinguished at the time by payment, the fact of payment was a defense available to anyone except the Metcalfes. In reply to this the appellant argues that, when the note was transferred to Simpson, the Metcalfes were still the owners of the property, and no other person's rights could be affected at that time, as no other person had then any subsisting equities which he could assert against the note. The answer to this is that, if the note actually was paid, as the trial court found and as we find, its reissue could not revive the mortgage, as the mortgage ceases to exist when the note is discharged. *Hagerman v. Sutton*, 91 Mo. 519 ; *Merrill v. Chase*, 3 Allen ( Mass.) 339 ; *Joslyn v. Wyman*, 5 Allen ( Mass.) 62.

Chambers, who by the terms of the deed of trust was the *cestui que trust*, and to whom the note was paid, was the proper person to acknowledge satisfaction of the debt on record. How can the fact, that he did not insist on the cancellation of the note at the time, affect the result in this case one way or the other, when the production of the note and its destruction could not have affected the result one way or the other? It is not the note on which the payments were made and indorsed, which was transferred to Simpson, but its duplicate, and the destruction of the original could in no manner affect the power of the makers to issue a duplicate.

We must conclude, therefore, that there is no merit in the appellant's second proposition. The judgment is affirmed. All the judges concur.