MYRTLE M. NEELEY, Appellant, v. BANK OF IN-
DEPENDENCE et al., Respondents.

**Kansas City Court of Appeals, June 26, and November 6, 1905.**

1. **GIFTS: Husband and Wife: Evidence.** On the evidence touch-
ing the gift of a certain lot, it is found the property was given
by the grandfather for the purpose of providing his granddaugh-
ter a home and was not intended for her husband, though the
deed was taken in his name.

2. ——: ——: **Creditor.** It is further found that the defendant
bank shows no equity, since it did not give the husband credit
on the faith of his ownership.

3. **INJUNCTION: Husband and Wife: Settlement: Execution
Sale: Clouding Title.** The doctrine that plaintiff's remedy was
a proceeding in equity to establish the settlement of the prop-
erty upon her, has no application to the facts of this case, and
an injunction is the proper remedy, since an execution sale
would cast a cloud upon plaintiff's title.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover*,
Judge.

REVERSED AND REMANDED.

*Paxton & Rose* for appellant.

(1) The injunction ought to have been made per-
petual. Parks v. Bank, 97 Mo. 130; Pawley v. Vogel,
42 Mo. 291, 303; R. S. 1899, sec. 3649. (2) The title
of the real estate is not involved and the appeal is to
this court. State v. Court of Appeals, 67 Mo. 199.

*J. Allen Prewitt* for respondent.

(1) If the title to real estate is not the issue in this
case then plaintiff's petition certainly states no 'cause
of action. If the title to real estate is in issue then plain-
tiff is pursuing the wrong remedy. Plaintiff cannot try
title by injunction. Echelkamp v. Schrader, 45 Mo.

505; 10 Ency. Pl. and Prac., 887; Lytle v. James, 98 Mo. App. 337; Watterman v. Johnson, 49 Mo. 410; Smith v. Jameson, 91 Mo. 13. (2) On the record and evidence John T. Neely had an interest in the land subject to execution at time of defendant's judgment. R. S. 1899, sec. 317. (3) Plaintiff's petition fails to state a good cause of action in this: First, she neither pleads nor proves that her husband had no interest in the real estate subject to execution; second, she neither pleads nor proves that her husband held title in trust for her and cannot do so in a simple injunction; third, she neither pleads nor proves that the deed was taken in her husband's name under any contract whatever for her use and benefit; fourth, she arbitrarily elects or assumes that her husband held title for her and on this violent assumption bases her right to a judgment on the pleadings in this case and thus she is attempting to deprive defendant of the right to test the merits of her arbitrary assumption. Else she forces defendant to try title by injunction. (4) Plaintiff has an adequate remedy at law. R. S. 1899, sec. 650; Ball v. Woolfolk, 175 Mo. 285.

BROADDUS, P. J.—This is a proceeding to restrain defendant bank and the sheriff of the county from selling under execution certain real property situated in Blue Springs, Missouri.

The facts are that, on August 13, 1902, one John E. Barnes conveyed by general warranty deed the property in controversy to John Neeley, the husband of plaintiff. The consideration for the property was $500, of which about $200 was paid in cash and a note was given for the residue which included also a debt of $28.75 which Neeley owed Barnes, making the total amount of the same $328.75, which note was signed by plaintiff and her said husband. A deed of trust on the property was executed by the husband and wife as security for the payment of the note. The property was purchased at the suggestion of plaintiff's grandfather, Lewis Gore, and

the cash payment was made by the sale of a horse for $140, the property of plaintiff, and money furnished by said Gore, but the deed, it is alleged, was made to the husband, John Neeley, by inadvertence of the scrivener. When the note became due, neither plaintiff nor her husband had any means with which to pay it. Lewis Gore paid the note and had the deed of trust entered satisfied on the records. Subsequently, on the 10th day of July, 1903, the plaintiff and her husband conveyed the property to Lewis Gore, who on the next day conveyed it to plaintiff. On the 18th of May, 1903, the defendant bank obtained a judgment before a justice of the peace against said John Neeley for the sum of $135; and on June 26, next thereafter, filed a transcript thereof in the office of the clerk of the circuit court of the county; and thereafter sued out execution thereon, returnable to the December term of the circuit court. On October 12, following, the defendant sheriff levied said execution on the property in question as the property of said John Neeley and had advertised the same for sale when he was restrained by these proceedings.

The evidence showed that John Neeley paid no part of the consideration for the property; and that Lewis Gore paid for it with his own money and the $140 he got from the sale of plaintiff's horse. Lewis Gore, an old man then 82 years of age, who negotiated for the purchase of the land from Barnes, testified as follows in part: "I didn't mean to give it as much to John T. Neeley as to Mrs. Neeley. I meant to give Myrtle (referring to plaintiff) a home. I didn't request them to make the deed to Myrtle because I didn't take it into consideration. I didn't take it into consideration particularly about John getting away with it. I meant it for 'Mert's' benefit. I wouldn't have given John nothing if he had not had 'Mert'. As to being just as willing to have the deed made to John as to Myrtle, knowing that they were husband and wife, I wasn't studying about the matter. I meant it for 'Mert's' benefit or I would

not have persuaded her to sell her horse and put money into it." It was shown that plaintiff listed the horse with the assessor as the property of her husband. But there was no controversy as to her ownership of the same as it was a gift to her before her marriage from her grandfather.

There is not the shadow of doubt but what the property was bought at the instance of the grandfather with his funds and that of plaintiff, for the purpose of providing her a home; but it seems that from ignorance or oversight on the part of the grandfather, he failed to have the conveyance made to the wife instead of the husband. The court sustained a demurrer to plaintiff's evidence and dismissed her bill.

We can scarcely conceive of a case where the equities appeal stronger than that of plaintiff to the conscience of the chancellor. Every dollar invested in the property was the result of gifts upon the part of the grandfather · to provide for the plaintiff a home; and his beneficent intention ought not to be defeated upon the technical ground that the title to the property, through inadvertence or ignorance, was originally vested in the husband. The defendant bank has no equities against plaintiff's claim. It was not shown that it gave Neeley credit upon the faith that he was the owner of the property, and no such reason is urged to sustain the finding of the court. Although it was not shown when the debt of the defendant bank was incurred, it is presumed that it was prior to the time when said Neeley received the title to the property, otherwise it would not be subject to its execution, as it would be in that case a homestead. It is, however, contended that plaintiff was not entitled to the remedy sought by injunction.

In Pawley v. Vogel, 42 Mo. 291, it was held: "If a trust could be maintained in equity in favor of the wife against her husband's creditors the proper remedy would have been a proceeding in equity on her behalf to establish the settlement and to obtain a perpetual in-

junction to restrain a sale of the property under a judgment against him." But as we have seen that the grandfather has already had the title to the property vested in the plaintiff, there is no necessity for a decree of settlement, as a judgment restraining a sale under the execution would be in the nature of an affirmance of what has already been accomplished. The equity power is in the court to make good what has already transpired in order to protect the plaintiff's indisputable rights in the property.

And it is no defense to the injunction proceedings that defendant was unaware of plaintiff's equities at the time he obtained judgment against plaintiff's husband. And injunction is the proper remedy, as a purchaser at the execution sale would acquire title unless notified of plaintiff's equities. [Parks v. Bank, 97 Mo. 130.] Besides, a sale under defendant's execution would cast a cloud upon the plaintiff's title, which is a sufficient ground to authorize the remedy by injunction. [R. S. 1899, sec. 3649.] The defendant insists further that the proceeding involves the title to real estate which the law does not authorize. This, of course, is a misapprehension. Other points raised by defendant are not noticed because deemed immaterial.

The cause is reversed and remanded. All concur.