GEORGE ANN CARREL, Appellant, v. PORTER F.
MEEK, Sheriff of Daviess County, Missouri, Re-
spondent.

Kansas City Court of Appeals, May 1, 1911.

1. **EQUITY: Execution: Fraudulent Conveyances.** In a suit in
equity to enjoin the defendant sheriff, from selling land be-
longing to plaintiff, under an execution issued to enforce the
collection of a judgment recovered against plaintiff's husband,
where the evidence shows that the conveyances by which the
wife acquired title to land which had at one time belonged to
her husband, were not made in good faith, but that they were
the results of a fraudulent purpose in which the wife's name
was used merely as a hiding place for the husband's property,
to shield it from the assaults of his judgment creditor; *held*,
that as to creditors of the husband, the conveyances were vol-
untary and void, and hence the plaintiff, his wife, is not en-
titled to injunctive relief.

2. **EXECUTION: Fraudulent Conveyances: Creditors.** Plaintiff's
husband conveyed certain land to his brother to defraud a third
person whom he was apprehensive would start a successful
damage suit against him. The brother did not record this deed
until two days after plaintiff's husband assaulted a party named
Clark. Clark subsequently recovered a judgment against plain-
tiff's husband. During the pendency of Clark's suit, the brother
deeded the property to plaintiff. Plaintiff contended that Clark
was not a creditor when the conveyance to the brother was
executed. *Held*, that Clark became a creditor the day the as-
sault conferred on him a valid demand for damages against
his assailant, and, since a deed executed by a debtor to defraud
creditors is void, as to a creditor whose demand arose between
the dates of the execution and delivery of the deed, and the
filing of the deed for record, the circuit court properly dis-
solved plaintiff's injunction to restrain the sheriff from levying
on the land in question.

Appeal from Daviess Circuit Court.—*Hon. Arch B.
Davis,* Judge.

AFFIRMED.

155 App.—22

*Chas. C. Crow* and *John S. Boyer* for appellant.

*Hewitt & Hewitt* for respondent.

JOHNSON, J.—This is a suit in equity to enjoin defendant, the sheriff of DeKalb county, from selling land belonging to plaintiff, under an execution issued to enforce the collection of a judgment recovered against the husband of plaintiff. A temporary order was issued and served, a change of venue was taken to Daviess county, and a trial of the cause in the circuit court of that county resulted in a judgment dissolving the injunction, dismissing the bill and assessing damages on the injunction bond. Plaintiff appealed.

The execution in question was issued on a judgment for $250, and costs recovered in the circuit court of DeKalb county, May 6, 1909, by Isaac Clark against Burr H. Carrel, the husband of plaintiff. On February 18, 1909, Carrel assaulted Clark and the judgment mentioned sustained the cause of action Clark alleged inured to him from the assault. Carrel and his wife lived at Clarksdale, DeKalb county. He had been in the dramshop business but retired sometime before 1908 and was engaged in no active business during the period of the events we shall review. He owed no debts and owned several improved business lots in Clarksdale from which he collected and used the rents. On July 16, 1908, plaintiff and his wife conveyed this real estate (all he owned except his homestead) to his brother, L. J. Carrel, a farmer living near Clarksdale. The consideration expressed in the deed was $6000, the reasonable value of the property. In payment of the consideration, his brother delivered to him a promissory note for $6000, due in one year signed by his brother and his brother's wife. The deed was acknowledged on the day of its date but was not filed for record until February 20, 1909. On the day following the execution of the deed Carrel indorsed and delivered the $6000 note to plaintiff. There

is evidence to the effect that this transaction was in good faith. The explanation offered in plaintiff's evidence is that the sale was made on account of plaintiff's health which, at the time, seemed to demand a change of climate and that the note for the purchase money was assigned to her for the reason that the property had been bought with her separate money and really belonged to her, though the title had been allowed to stand in the name of her husband. But the evidence of defendant contradicts this version and strongly tends to show that the conveyance of the property and the assignment of the note made by plaintiff's husband were for the sole purpose of divesting himself of the title to his own property. It appears that he had become involved in some sort of trouble with the wife of a barber and was apprehensive that she would commence a damage suit against him and prosecute it to a successful issue.

We think the weight of the evidence sustains the conclusion doubtless entertained by the trial court that in the transaction Carrel was merely running to cover to escape his irate pursuer and that the stories about plaintiff's money and her condition of health should be discredited. The barber's wife failed to bring the suit, Carrel and his wife did not leave Clarksdale and Carrel's brother did not file the deed for record until two days after the assault on Clark. About three months after that event and during the pendency of Clark's suit for damages, Carrel's brother and his wife deeded the property to plaintiff for the expressed consideration of $6000. Plaintiff returned to him the $6000 note and in addition, paid him $150 in money. That deed was excuted, acknowledged and delivered May 13, 1909, and was filed for record May 18th. The execution issued on the Clark judgment was levied on the property described in these deeds.

If it were true, as plaintiff contends, that the conveyances, by which the record title of the property was

transferred from husband to wife were executed in good faith for the honest purpose of investing the wife with the title to property purchased with her separate money and were not made in whole or in part with the fraudulent intent to hinder and delay Clark in the collection of his demand after it had ripened into a judgment, we would agree with the contention of counsel for plaintiff that she is entitled to injunctive relief to prevent the casting of a cloud on her title. The right to such relief is expressly conferred by statute. [Section 2534, Rev. Stat. 1909; Neeley v. Bank, 114 Mo. App. 467; Payne v. Savings Assn., 126 Mo. App. 593.]

The rule thus is correctly stated in 6 Am. and Eng. Ency. of Law (2 Ed.), page 163: "The sale of lands on execution against one who never had title thereto, or interest therein, will not cast a cloud upon the title of the true owner. But it is otherwise when the judgment debtor had at some time an interest in the lands."

But we find that neither conveyance was made in good faith. Both were the results of a fraudulent purpose and the wife's name is being used merely as a hiding place for the husband's property to shield it from the assaults of his judgment creditor. It is not contended in the evidence that the conveyance to plaintiff was a gift, and we find that the property was not purchased out of funds belonging to the wife as her separate property. As to creditors of the husband, the conveyances were voluntary and void. But it is urged that when the conveyance to the brother was executed Clark was not a creditor. That is true. That deed was made to defraud the barber's wife, but at the time Clark's cause of action arose it had not been filed for record and the controlling motive for having it recorded was to ward off the new trouble. Clark became a creditor the day the assault conferred on him a valid demand for damages against his assailant.

"A person who has at the time of the conveyance a valid subsisting claim for damages for a trespass upon

his person or property, committed by the party making such conveyance, is a creditor." [14 Am. and Eng. Ency., p. 254.]

A deed executed by a debtor to defraud creditors is void as to a creditor whose demand arose between the dates of the execution and delivery of the deed and of the filing of the deed for record.

We have not recited all the facts and circumstances leading to our conclusion that Carrel is still the owner of the property and is attempting to secrete it from his creditors. Suffice it to say that this conclusion, entertained by the trial judge who enjoyed the advantage of facing the parties and witnesses, finds abundant and convincing support in the evidence.

The judgment is affirmed. All concur.