ELEANOR TAYLOR, Defendant in Error, v. O. H. SWEARINGEN et al., Plaintiffs in Error.

Kansas City Court of Appeals, February 19, 1912.

INJUNCTION: Cloud on Title: Execution Sale. An injunction will lie to restrain an execution sale of a person's land who is not a party to the execution, only if the sale would cast a cloud on his title. The rule being, that if in an action for possession of the land by the purchaser under the execution, the owner would not be required to introduce evidence in defense—in other words, if the plaintiff's action would fall of its own weight—then there is no cloud, and an injunction will not lie. But if in such action it would be necessary, in defense, to introduce evidence in explanation or defense, it would lie.

Error to Jackson Circuit Court.—*Hon. John G. Park,* Judge.

REVERSED.

*J. H. Olson* and *W. B. Dickinson* for plaintiff in error.

*O. E. Robinson* for defendant in error.

ELLISON, J.—Defendants recovered judgment against Joseph G. Taylor and had an execution issued and placed in the hands of the sheriff, who levied upon real estate belonging to plaintiff. She thereupon obtained a temporary injunction restraining the sale on the ground that it would cast a cloud upon her title. The injunction was afterwards made perpetual, and defendants appealed.

It seems that, in point of fact, plaintiff is the wife of Taylor, the defendant in the execution, but that does not appear in any of the proceedings in the case wherein the execution was issued. The execution is against Joseph G. Taylor, and plaintiff's name is Eleanor Taylor. So far as the record shows, the two are strangers: A sheriff's deed, on its face, would convey the right and title of a stranger in Eleanor's land. Is she entitled to an injunction on the ground of cloud being cast on her title? Formerly she was not. [Drake v. Jones, 27 Mo. 428; Kuhn v. McNeil, 47 Mo. 389.] But in the revision of 1899, carried into that of 1909, section 2534, the owner may now enjoin an execution issued against a stranger from being levied upon his lands, if a sale and deed under it will cast a cloud on his title. The question, therefore, in this case is, will a sale of plaintiff's property under an execution against Joseph G. Taylor, cast a cloud on her title? And the answer to that depends on whether any evidence would be necessary on the owner's part to resist an action founded on the sheriff's deed. If this property was sold and the purchaser under the sheriff's deed had brought ejectment against plaintiff, his action would have failed, without anything being offered by plaintiff, since there is nothing to show that Joseph G. Taylor had any interest in the property to sell. The question was decided by this court in Payne v. Daviess Co. Saving Assn.,' 126 Mo. App. 593, and the following rule, stated in Pixley v. Huggins, 15 Cal. 127, was

adopted: "Would the owner of the property, in an action of ejectment brought by the adverse party, founded upon the deed, be required to offer evidence to defeat a recovery? If such proof would be necessary, the cloud would exist; if the proof would be unnecessary, no shade would be cast by the presence of the deed. If the action would fall of its own weight, without proof in rebuttal, no occasion could arise for the equitable interposition of the court; as in the case of a deed void upon its face, or which was the result of proceedings void upon their face, requiring no extrinsic evidence to disclose their illegality. All actions resting upon instruments of that character must necessarily fail. 'That can never be considered a legal cloud,' says Chancellor Walworth, in Van Doren v. The Mayor, etc. of New York (9 Paige 388), 'which cannot for a moment obstruct the unaided rays of legal science, when they are brought to bear upon the supposed obscurity. But where the claim of the adverse party to the land is valid upon the face of the instrument, or the proceedings sought to be set aside, as where the defendant has procured, and put upon record a deed obtained from the complainant by fraud, or upon an usurious consideration, which requires the establishment of extrinsic facts to show the supposed conveyance to be inoperative and void, a court of equity may interfere, and set it aside as a cloud upon the real title to the land.' [Wiggin v. Mayor, etc. of New York, 9 Paige, 23; Livingston v. Hollenbeck, 4 Barb. Sup. Ct. 16.] So, too, a conveyance not falling in the chain of title, as from one who never had any connection with the property, would not constitute a cloud upon such title. No action could be supported upon such a conveyance, even in the absence of rebutting proof, any more than upon so much waste paper."

For the foregoing considerations the judgment is reversed. All concur.