LILLIAN A. MATHIAS, Appellant, v. JAMES H. ARNOLD et al., Respondents.

St. Louis Court of Appeals, May 4 and July 15, 1915.

1. MARRIED WOMEN: Equity: Jurisdiction: Effect of Enactment of Married Women's Act. The power of courts of equity to protect the separate estate of the wife against the marital rights of her husband and the claims of his creditors was not restricted by the enactment of the Married Women's Acts, the design of which is to enlarge, and not restrain, the remedies of *femmes covert*.

2. ———: Injunctions: Right to Restrain Sale of Wife's Property for Husband's Debt. Under Sec. 2534, R. S. 1909, in view of Secs. 8308 and 8309, as well as under the general jurisdiction possessed by courts of equity to protect the separate estate of a married woman from the claims of her husband or his creditors, an injunction will lie to restrain the sale of a wife's real property under an execution issued upon a judgment against her husband.

3. ———: ———: ———: Pleading: Damages. A petition for an injunction to restrain the sale of a wife's real property

under an execution issued upon a judgment against her husband need not plead the injurious consequences resulting from the execution and sale of the wife's property with particularity, since prejudice will be presumed from the doing of prohibited acts.

Appeal from St. Louis City Circuit Court.—*Hon. William T. Jones,* Judge.

REVERSED AND REMANDED (*with directions*).

*P. P. Mason* and *John Cashman* for appellant.

(1) Under the provisions of section 2534, Revised Statutes 1909, a separate ground of relief is due appellant on each charge made in her petition. (2) The threatened sale in this case need not constitute a cloud on the title; it is enough if the appellant is interfered with in any way in the absolutely free use and disposition of her property. Duncan v. Turner, 171 Mo. App. 677; The Charter Oak Life Ins. Co. v. Cummings, 90 Mo. 271. Under the amendment of the statute, an additional remedy was created for such cases as the present one. Neeley v. Bank, 114 Mo. App. 467. (3) The petition contains averments which show that in a contest between appellant and a purchaser at the execution sale, appellant would be required to introduce oral testimony and the petition alleges that she would be required to do so, and the demurrer admits that she would be required to do so; under this state of facts, the appellant is entitled to the relief sought. Payne v. Davis Co. Svgs. Assn., 126 Mo. App. 593; Carel v. Meek, 155 Mo. App. 337. (4) The appellant was entitled to the relief sought to prevent a cloud being cast upon the title of her property. Bonsor v. Madison County, 204 Mo. 99; Gardner v. Terry, 99 Mo. 523. Injunction will even lie in favor of a wife against a judgment creditor of her husband to prevent the sale

of the wife's personal property under an execution against her husband, although at common law the husband, by marriage, acquires an absolute right to all the personal property in possession, belonging to the wife. And this rule was announced by our Supreme Court prior to the enactment of the Married Woman's Acts. Holhaus v. Hornbostle, 60 Mo. 439; Insurance Co. v. Cummings, 90 Mo. 271.

*Otto F. Karbe* and *H. C. Whitehill* for respondents.

(1) It is true, as appellant contends, that under the provisions of section 2534, Revised Statutes of Missouri, 1909, equitable relief may be granted where a cloud would be put upon title to real estate by sale under an execution against a person, partnership or corporation having no interest in such real estate subject to execution at the time of sale. The statute, however, does not define what constitutes a cloud upon title, nor does it say that every such sale of real estate under execution shall constitute such cloud; therefore, the statute in itself does not afford appellant any particular relief, except such as the general principles of law and equity may allow.  (2) The right of the plaintiff to maintain her suit is based upon equity grounds alone, and unless the petition states facts which show she is affirmatively entitled to equitable relief, the demurrer of the defendant should be sustained. Considering the petition from its several allegations and as a whole, it will be seen that the ground of the action is apprehension by the plaintiff that a sale of the property would cast a cloud upon the title to her real estate. (3) In construing a demurrer, it is true that, in effect, it admits all material allegations of the petition, but it is likewise true that a demurrer does not admit immaterial matter nor conclusions of law. State ex rel. v. Barnett, 245 Mo. 99; Donovan v. Boeck, 217 Mo. 70;

Mo. Lincoln T. Co. v. Third Natl. Bank, 154 Mo. App. 89; Lackawanna C. & I. Co. v. Long, 231 Mo. 605, 614. Nor does a demurrer admit conclusions of the pleader on the facts constitutive of the cause of action, nor the correctness of averments concerning the mean-. ings of the allegations pleaded in the bill. Donovan v. Boeck, 217 Mo. 70; State ex rel. v. Denton, 229 Mo. 187. Nor does a demurrer admit argumentative matter pleaded in a petition. Stonemetz v. Head, 248 Mo. 254. (4) Considering the allegations of the amended bill itself, we find that the ground of complaint is the alleged threatened cloud that would be placed upon plaintiff's title; but a cloud upon a title can only be created in accordance with certain well-recognized legal doctrines, i. e., the facts must be such as equity itself would pronounce them to constitute a cloud upon the title and force the owner to resort to extrinsic evidence to maintain his title as against the cloud. Where an instrument is of such character as to require "legal acumen" in order to determine whether it is a cloud upon the title, it is only then that a court of equity will interfere. 32 Cyc. 1312, 1315; 7 Cyc. 256; Taylor v. Swearingen, 161 Mo. App. 467; Carrel v. Meek, 155 Mo. App. 337; 6 Am. & Eng. Enc. Law (2 Ed.), p. 153. (5) As to whether equity will interfere in a given case, must first affirmatively appear from the petition that there is no adequate remedy at law, and in an action such as this, if plaintiff has an adequate legal remedy, she cannot maintain this suit. This is an elementary equitable principle and requires no citation of authority. (a) In actions such as this the comon-law remedy of ejectment is generally regarded as plain, adequate and complete, and a party will ordinarily be left to that remedy where it exists. 32 Cyc., p. 1312; Odle v. Odle, 73 Mo. 289; Railroad v. Nortoni, 154 Mo. 159. (b) To constitute a cloud upon the title, the deed or proceedings must be capable of embarrassing the title or coming within the chain of title; and where the invalidity

of the instrument or matter complained of appears upon the face of the instrument or claim, equity will not interfere. 7 Cyc. 256; 6 Am. & Eng. Enc. Law (2 Ed.), p. 153; 32 Cyc., pp. 1315-16, and cases cited; Clark v. Ins. Co., 52 Mo. 272; Dunklin County v. Clark, 51 Mo. 60-62. (c) A bill in equity will lie to remove as a cloud on title a sale of land under execution where the invalidity of the sale can be shown only by extrinsic proof, but equity will not interfere to prevent or remove such sale as a cloud upon title when complainant's title is not affected thereby, and there is no necessity of resorting to extrinsic proof to show the deed's invalidity. 32 Cyc., p. 1322; 6 Am. & Eng. Enc. of Law (2 Ed.), p. 153; Merchants' Bank v. Evans, 51 Mo. 335; Clark v. Cooper, 148 Mo. App. 230.

ALLEN, J.—This is a suit in equity seeking to restrain the threatened sale of real property belonging to plaintiff, a married woman, under an execution issued upon a judgment against her husband, and to release plaintiff's property from the levy of such execution. The defendants are the judgment creditor of the husband, for the attempted collection of whose judgment debt the execution was issued and levied, and the sheriff of the city of St. Louis who made the levy and who was proceeding to sell the property in question. The court below sustained a demurrer interposed by defendants to plaintiff's amended petition. Plaintiff declined to plead further, and final judgment having been entered upon the demurrer, plaintiff appealed. The court put into effect a temporary restraining order, holding the matter *in statu quo* pending the appeal.

The amended petition avers that plaintiff is the owner and in possession of certain tracts of land in the city of St. Louis, describing them, improved by four separate residence buildings; that on May 10, 1910, the defndant Arnold obtained a judgment in the

circuit court of the city of St. Louis against one Colonel A. Mathias, in the sum of $1000 and interest, which judgment remains unpaid and unsatisfied; that on the —— day of November, 1912, defendant Arnold caused to be issued out of the office of the clerk of the circuit court of the said city of St. Louis, an execution upon said judgment directed to the defendant Louis Nolte, then the sheriff of said city, and directed and caused the latter to levy upon and seize, as the real estate and property of Col. A. Mathias, the real estate described, which, at the direction of defendant Arnold, was duly advertised for sale under such execution, and that the defendant sheriff was, at the time of the institution of this suit, proceeding to consummate such sale.

It is averred that the execution debtor, Col. A. Mathias, is the husband of this plaintiff; "that he never had, nor has he now," any interest in said real estate of plaintiff, subject to execution, and has only such interest therein "as he derives from being the husband of this plaintiff."

The petition then alleges that, if the threatened sale of plaintiff's real estate be so made, a cloud will be put on plaintiff's title thereto; "that because of the relationship of plaintiff as the wife of said Col. A. Mathias, and because he has assisted as her agent in the buying and selling of real estate in the said city of St. Louis, a widespread suspicion exists amongst the real estate dealer and others in the said city" that plaintiff's husband owns some interest in such real estate, and if said sale were consummated, plaintiff, before she could lease, mortgage or dispose of such real estate, would be compelled to institute a suit or suits to clear the title to the various parcels thereof.

It is further alleged that there are persons, associations and corporations organized in the city of St Louis who practically control all of the real estate transactions therein; and that they have promulgated

and established rules which will deprive plaintiff of the power to mortgage or dispose of her real estate, if sold under said execution, and that such sale would, on this account, destroy the selling, trading and loan value of said real estate; that abstracts of title are not used in the city of St. Louis, but that all questions of title are shown by certificates of title issued by the only persons and companies engaged in the abstracting business in said city, and that none of said abstractors will issue a clear certificate of title to property belonging to a wife where a sheriff's deed appears of record pursuant to a sale under an execution against her husband, by reason whereof it is impossible to borrow money upon or dispose of such property. And it is averred that because of the levy of said execution plaintiff has been and will be unable to renew an existing loan secured by mortgage upon some of the property, which fell due after the levy, and that plaintiff is threatened with the loss of such property by foreclosure.

It is further alleged that the declared purpose and intent of defendant Arnold is to harass and annoy plaintiff by so levying upon her property, with the hope that thereby she may be forced into paying said judgment against her husband; that defendant Arnold is wholly insolvent, and that plaintiff is without adequate remedy at law in the premises.

Such, in substance, are the allegations of the petition, which is quite lengthy and for that reason is not fully set out.

The demurrer was evidently sustained upon the theory that no such cloud would be cast upon the title to plaintiff's property by the threatened sale thereof, and the execution and recording of a sheriff's deed pursuant thereto, as to call for equitable interposition. And in support of the ruling below respondents invoke the doctrine that equity will not, as a rule, interfere to restrain the sale of land where the plaintiff is in

possession and holds a legal record title which, unaided
by extrinsic evidence, is superior to any title that can
be acquired by a purchaser at the sale in question, and
has a complete and adequate remedy at law against
any claim that may be asserted by such purchaser
(see Russell v. Lumber Co., 112 Mo. 41, 20 S. W. 26;
Wilcox v. Walker, 94 Mo. 89, 7 S. W. 115; Kuhn v.
McNeil, 47 Mo. 389; Herman v. Westheimer, 110 Mo.
App. 191, 85 S. W. 101); that in order that a cloud
may be cast upon the title of a record owner in pos-
session, so as to call for equitable relief, the title, lien
or claim which is asserted to cast a cloud upon the
owner's title must be one apparently valid upon the
face of the record, requiring resort to extrinsic evi-
dence to establish its invalidity (see Turner v. Hunter,
225 Mo. 71, 123 S. W. 1097; Hannibal & St. J. R. Co.
v. Nortoni, 154 Mo. 142, 55 S. W. 220; Clark v. Insur-
ance Co., 52 Mo. 273; Dunklin County v. Clark,
51 Mo. 60).

Prior to the amendment, in 1899, of what is now
section 2534, Revised Statutes 1909, it was held that
one holding the record title to real property and in
possession thereof could not maintain a bill in equity
to restrain the sale of such land under an execution
against a stranger to the title who had no real or ap-
parent interest therein and hence nothing would pass
by such sale. [See Kuhn v. McNeil, supra; Drake v.
Jones, 27 Mo. 428.]

This statute as it now stands is as follows:

"The remedy by writ of injunction or prohibition
shall exist in all cases *where a cloud would be put on
the title of real estate being sold under an execution
against a person, partnership or corporation having
no interest in such real estate subject to execution at
the time of the sale,* or an irreparable injury to real
or personal property is threatened, and to prevent the
doing of any legal wrong whatever whenever in the op-

inion of the court an adequate remedy cannot be afforded by an action for damages.''

The words in italics were added by the amendment of 1899.

This statute is invoked by appellant as here authorizing the granting of the injunctive relief sought, evidently upon the theory that the amendment was intended to afford a remedy, not theretofore existing, where the execution debtor has no interest, real or apparent, in land levied upon. Such, however, is not the view taken by the Kansas City Court of Appeals, which has held that under the statute, as amended, the owner of the legal record title, in possession, cannot maintain a suit in equity to restrain a sale thereof under an execution against a stranger to the title, who has neither a real nor an apparent interest therein; that the statute authorizes injunctive relief only where a cloud would be put upon the owner's title by such sale, and that a cloud can be so cast upon the title only when the execution debtor has some apparent interest in the land, which will make it necessary for the owner to offer evidence extrinsic to the record to support his title and defeat a recovery by the purchase at the execution sale. [See Payne v. Savings Assn., 126 Mo. App. l. c. 598, 105 S. W. 15; Carrell v. Meek, 155 Mo. App. 337, 137 S. W. 19; Taylor v. Swearingen et al., 161 Mo. App. 467, 144 S. W. 160.] But, in the case before us, we do not deem it necessary to express any opinion as to the effect of the amendment in question. In our judgment the right asserted by this plaintiff to restrain the levy of execution upon her property, and its sale thereunder, in attempted satisfaction of the judgment debt of her husband, may be upheld for reasons which do not enter into a case of this general character where the owner and the execution debtor are strangers.

In Payne v. Savings Assn., supra, the execution debtor and the owner were not husband and wife, and

Mathias v. Arnold.

it appeared that plaintiff would have been compelled to defend his title by evidence extrinsic to the record, and was held to be entitled to restrain the sale under the execution.

In Carrell v. Meek, supra, the execution debtor and the owner were husband and wife. The legal title to the property had at one time been in the husband, and for this reason it was held that the plaintiff was entitled to injunctive relief to prevent the casting of a cloud upon her title, under the statute, supra, citing Neeley v. Bank, 114 Mo. App. 467, 89 S. W. 907; Payne v. Savings Assn., supra; 6 Am. & Eng. Ency. Law (2 Ed.), p. 163.

In Taylor v. Swearingen, supra, which is here greatly relied upon by respondents, it is said that the execution debtor and the plaintiff were in fact husband and wife, but the learned author of the opinion states, at the outset, that the record nowhere showed this. The case was therefore disposed of as though such parties were strangers; and the plaintiff was denied the relief sought, upon the theory that no such cloud would be put upon her title as to call for equitable intervention.

In the instant case we think that plaintiff's right to injunctive relief is clear, regardless of the precise nature of the blot which may be put upon her title if defendants be not restrained as prayed; this because of the relation of husband and wife existing as aforesaid and the power and duty of a court of equity to protect the wife's separate property from process to enforce the payment of claims of the husband's creditors. It was an early doctrine of equity that the estate which a *femme covert* was capable of taking to her own separate and exclusive use would be protected against the marital rights and claims of the husband and of his creditors as well. [See Holthaus et al. v. Hornbostle, 60 Mo. 1. c. 442; 2 Story Eq., 1380.] And in Pawley et al. v. Vogel, 42 Mo. 1. c. 303, it was said:

"If the trust could be maintained in equity in favor of the wife against her husband's creditors, the proper remedy would have been a proceeding in equity on her behalf to establish the settlement, and to obtain a perpetual injunction to restrain a sale of the property under a judgment at law against him." [See, also, Neeley v. Bank, supra, l. c. 470, 471.]

It would appear that the power of our courts of equity, theretofore possessed, to protect the separate estate of the wife against the marital rights of the husband and the claims of his creditors, is not restricted by the enactment of the Married Women's Acts, the design thereof being to enlarge and not to restrain the remedies of *femmes covert*.

It is said that "an essential attribute of the wife's separate estate is that it is not liable for her husband's debts, and she is entitled in equity to relief by injunction against the levy of execution thereon by his creditors." [See 21 Cyc., p. 1439.]

Our statute (section 8309, Revised Statutes 1909) provides: "All real estate and any personal property, including rights of action belonging to any woman at her marriage, or which may have come to her during coverture by gift, bequest or inheritance, or by purchase with her separate money or means, or be due as the wages of her separate labor or as grow out of any violation of her personal rights shall, together with all income, increase and profits thereof, be and remain her separate property and under her sole control, *and shall not be liable to be taken by any process of law for the debts of her husband.*" (Italics ours.)

A proviso to this section makes the wife's separate personalty liable for a debt of the husband created for necessaries for the wife or family, but provides that in any such case before execution may be levied upon the wife's separate property she must have been made a party to the action "and all questions involved shall

have been therein determined and shall be recited in the judgment and the execution thereon."

Section 8308, Revised Statutes 1909, provides: "That the rents, issues and products of the real estate of any married woman, and all moneys and obligations arising from the sale of such real estate, and the interest of her husband in her right in any real estate which belonged to her before marriage or which she may have acquired by gift, grant, devise or inheritance during coverture, *shall during coverture, be exempt from attachment or levy of execution for the sole debts of her husband.*" (Italics ours.)

It thus appears that our statutory law expressly exempts the wife's separate property from levy of execution for the sole debts of the husband, and forbids its seizure under any process of law for the husband's debts. It seems clear to us, therefore, that where a wrongful levy, in violation of such express statutory provisions, is made upon a wife's separate property, the power of a court of equity to interfere is beyond question. Section 2534, supra, among other things authorizes injunctive relief to prevent the doing of any legal wrong whatever, whenever in the opinion of the court an adequate remedy cannot be afforded by an action for damages. Thus the statute, aside from the inherent power of a court of equity to prevent the perpetration of legal wrongs for which the law affords no adequate remedy, is broad enough to authorize the granting of the relief here sought. Sections 8308 and 8309, supra, clearly, we think, prohibit the doing of the very thing here sought to be restrained, and from the allegations of plaintiff's bill it fully appears that she is without remedy at law in the premises. Consequently it was within the power of the court below, and was its duty, in our judgment, to entertain plaintiff's bill praying for relief.

This question is fully discussed in a well-reasoned opinion in Hunter's Appeal, 40 Pa. St. 194. The action

was by bill in equity to restrain the sale of certain real estate of the complainant on execution against her husband, it being averred, as here, that the exclusive ownership of the property was in the wife. The court said:

"Thus the exclusive ownership and title of the wife, the complainant, stood admitted, and the bill must have been dismissed for want of jurisdiction or the inapplicability of the remedy.

"The question now is, did the chancery power of the court extend far enough to afford the relief prayed? Nothing but want of jurisdiction in the court or irrelevancy of the proposed remedy, could have authorized the summary dismissal of the bill. Did they exist? On the pleadings the only question presented was whether, since the Acts of April 11, 1848, and April 12, 1850, a levy and sale of a wife's property on execution against her husband, was or was not contrary to law? If it was, and there was no adequate remedy at law for the act, then the court had jurisdiction of the subject-matter of the complaint; and it not being denied that it also had of the parties, the relief prayed for ought to have been granted."

The opinion then concedes that it had been the constant practice in the Commonwealth of Pennsylvania to permit a judgment creditor to levy execution upon any property in which he may believe his debtor to have an interest; that in such cases the question of title was usually left to the test of an ejectment; and, as a rule, courts of equity were powerless to interfere, despite the hardship often entailed upon owners of real property.

The Act of 1848, referred to, provided that the property of a married woman should continue to be her separate property after marriage as fully as before, and should "not be subject to levy and execution for the debts and liabilities" of the husband. And the Act of 1850 provided that "the real estate of any mar-

ried woman in this Commonwealth, *shall not be subject* to execution for any debt against her husband, on account of any interest he may have, or may have had therein as tenant by the curtesy, *but the same shall be exempt from levy and sale* for such debt during the life of the wife.'' (Words in italics appear thus in the opinion.) Referring to the latter act, and the equitable jurisdiction of the courts of that State, the opinion thus proceeds:

''This act plainly forbids execution, because it expressly *exempts* the property from *levy* and. *sale.* The question then recurs, are a levy and proceedings to sell a wife's property for the debt of the husband in the lifetime of the wife, under the exemption and prohibition of the acts cited, contrary to law or not? It is not easy to demonstrate the truth of a proposition that is self-evident, and it would be little less troublesome to prove what is so palpable on the face of these statutes. The whole object of the latter one is to deny legality to a levy and sale of the property therein described. Whatever, therefore, cannot be done without a violation of law, must be contrary to law, and being so, may be restrained if there be no adequate remedy at law.

''The fifth clause of the third section of the Act of June 16, 1836, now in force throughout the Commonwealth,. gives the several courts jurisdiction in equity 'for the prevention or restraint of the commission or continuance of acts *contrary to law,* and prejudicial to the interests of the community or the rights of individuals.' Acts which may be restrained, must be *both* contrary to law *and* prejudicial to the interests of the community or the rights of individuals.

''We have already shown the act of a levy on a married woman's property, with proceedings necessary to consummate a sale, to be contrary to law. Is not the prohibition itself sufficient evidence that the act, in the estimation of the Legislature, would be prejudicial

to the right protected by the prohibition? This cannot be doubted. It would be folly to prohibit harmless acts. It is, therefore, always to be presumed, that whatever is prohibited, is either wrong in itself or against the policy of the government. The foundation for the prohibition in both cases, is the prejudicial consequences of the acts prohibited. It is not, therefore, necessary, when there is a statutory prohibition of an act, to trace out prejudicial consequences to bring it within the defined jurisdiction in equity of our courts. If the law be transcended or disobeyed, the act may be restrained.

"In the case before us, the property was confessedly the wife's exclusively. It was exempt from levy and sale for the debts of the husband by statute. Subjecting it to such process for such purposes was also prohibited by the same statute; notwithstanding this, the appellees did levy on it, and were proceeding to sell it when the injunction was applied for. This law and these facts clearly brought the case within the chancery jurisdiction of the court below, and instead of dismissing the bill, the court should have granted a preliminary injunction to restrain the appellees from proceeding to levy and sell the property."

Our statutes in question certainly are as explicit and far reaching as those discussed in the above opinion. Section 8308, supra, expressly exempts the interest of the husband in the wife's right, in her separate real estate, from attachment or levy of execution for the sole debts of her husband. And section 8309, supra, in terms forbids the taking of the wife's separate property, real or personal, by any process of law whatsoever for the debts of the husband, with the exception above noted. To permit the wife's property to be levied upon, as here, is clearly in contravention of law, and constitutes the doing of a legal wrong for which it appears no adequate remedy at law is afforded the plaintiff. The reasoning of the case from which we

have quoted at length appears to be altogether sound; and the doctrine that equity will interfere in cases of this character is not without other authority to support it. [See Miller, etc. v. Johnson et al., 27 Md. 6; Bridges and Woods v. McKenna, 14 Md. 258; Love v. Graham et al., 25 Ala. 187; Walker's Appeal, 112 Pa. St. 579.]

We perceive no sound reason why our courts of equity should not, in the present state of our law, afford relief to a married woman to protect her property against the claims of her husband's creditors. As said in Hunter's Appeal, supra, we think it unnecessary to look to see whether prejudicial consequences will result from the doing of the acts sought to be restrained, since they are prohibited by law and presumptively harmful. Plaintiff's petition alleges many things tending to show that loss and damage to her will ensue unless defendants are restrained as the petition prays. Respondents assert that the amended petition contains much immaterial matter, and abounds in conclusions and arguments of the pleader and recitals of evidence relied upon. It is unnecessary for us to consider in detail the allegations of the amended petition. It fully suffices, in our opinion, to state a cause of action for the relief sought. Undoubtedly where the wife's property is levied upon for the husband's judgment debt results follow, owing to the relationship of the parties, which would not ensue were they strangers. In the particular case the prejudicial effects of the levy and threatened sale appear from allegations of the petition which are more than mere conclusions or surmises of the pleader. But we regard it unnecessary to plead the injurious consequences with particularity. Surely one ought not to be permitted to harass and embarrass a wife by a levy upon her sole and separate real property, and a threatened sale thereof, for a debt of her husband, in the face of the statutory prohibition aforesaid, designed to protect the

property rights of married women, upon the theory that the wife is not thereby injured. Certainly doubt would be cast upon her title to the land, as her sole and separate property, by a sale under such execution; for a sheriff's deed filed of record would carry with it the imputation that the husband had in fact been the real owner, the wife's title being merely colorable, as is frequently the case. And the wife, though the true owner, as of her sole and separate property, would be compelled to endure the consequences until such time as the purchaser saw fit to take further steps, unless in some manner granted relief. We think that it would be lame and halting equity indeed that could not reach such a situation with a remedy. [Pocoke v. Peterson, 256 Mo. l. c. 519, 165 S. W. 1017.]

The law affords ample means for reaching property fraudulently conveyed to the wife. No such question is here involved, for the demurrer admits the separate and exclusive ownership of the plaintiff.

We therefore hold that it was error to sustain the demurrer to the amended petition. The judgment of the circuit court will accordingly be reversed, and the cause remanded, with directions to reinstate the demurrer, overrule it, and that such further proceedings be had in the case as are consistent with the views expressed above. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.

## ON MOTION FOR REHEARING.

ALLEN, J.—Respondents, in their motion for a rehearing, insist that the foregoing opinion is in conflict with that of the Kansas City Court of Appeals in Taylor v. Swearingen, supra. It is said that the opinion in that case shows merely that it did not appear "in any of the proceedings in the case wherein the execution was issued" that the judgment debtor and the plaintiff therein were husband and wife. It is true

Mathias v. Arnold.

that the opinion so states, but thereafter the court says: "So far as the record shows the two are strangers." From the latter remark, it is fair to conclude that the record before the appellate court in that case, and upon which it was being tried, nowhere showed the fact that the plaintiff was the wife of defendant in the execution. At any rate the opinion throughout proceeds as though the parties were strangers, and the case is disposed of on that theory, following Payne v. Savings Trust Company, supra, where the parties to the record were not husband and wife.

In the instant case the record before us does not show that in any of the proceedings in the case wherein the execution was issued it appeared that these parties were husband and wife. Such fact would not be expected to so appear. The debt is said to be the sole debt of the husband. He was sued therefor and a judgment obtained against him. Execution was levied upon the property described in the petition herein, as being his property, or upon the theory that he had an interest therein subject to execution. The fact that the true owner of the property was his wife would not be expected to appear anywhere in that proceeding. This record, however, does show, and the demurrer admits, that the parties are husband and wife, and that the property is the sole and separate property of the wife, this plaintiff; that it has been seized under execution for the husband's debt, and that a sale thereof is threatened to satisfy such execution. And the question, squarely presented, is whether or not, in the present state of our law, equity will prevent the seizure and sale of the sole and separate property of a wife under an execution issued upon a judgment obtained against the husband for his individual debt. We think that it will, and that the decision herein is not in conflict with that in Taylor v. Swearingen.

191M.A.24

Further reasons are urged why we should grant respondents a rehearing. We have carefully examined all of them, but they have not caused us to alter our views expressed above. With the concurrence of the other judges, the motion for rehearing is overruled.